# Dennis v. State.

### *Indictment for Murder.*

1. *Indictment for murder; when error for court to refuse to charge upon manslaughter.*—On a trial under an indictment for murder, which includes every degree of criminal homicide, it is error for the court to refuse, upon request, to instruct the jury upon the law of manslaughter, unless there is an entire absence of evidence tending to show that the killing was under such circumstances as to reduce it to manslaughter.

2. *Same; same; facts of this case.*—On a trial under an indictment for murder, it was shown by the evidence that the deceased and the defendant were friends and partners in business and slept together at their place of business; that when drinking the deceased was quarrelsome and dangerous; that on the night of the killing he had been drinking, and that no one was present at the time of the homicide except the defendant and the deceased. The defendant as a witness testified that the deceased needed some money to meet a pressing demand on the next day, and about 12 o'clock at night he woke up the defendant and told him that he must have the money; that upon the defendant refusing to let him have it, the deceased cursed and abused him, and said that if he had no more accommodation than that for a friend, he would cut defendant's throat, and thereupon started towards defendant with an open knife in his hand, when the defendant fired and killed him. *Held:* That upon this evidence it was error to refuse, upon the request of the defendant, to instruct the jury

[Dennis v. The State.]

upon the law of manslaughter, since such refusal was, in effect, to charge the jury that the defendant was guilty of murder or of no offense, and was, therefore, a charge upon the effect of the evidence.

3. *Same; charge of court as to sufficiency of evidence to warrant conviction.*—In a criminal case, a charge is properly refused as being argumentative and calculated to mislead the jury which instructs them, that, "The humane provision of the law is that a conviction should not be had on circumstantial evidence, unless it excludes to a moral certainty every reasonable hypothesis but that of the defendant's guilt. If the facts can be reasonably reconciled with any theory of the case consistent with the defendant's innocence, then the proof does not make out a cause as the law requires. No matter how strong the circumstances, if the ycan be explained reasonably and consistently with the defendant's innocence, then the law demands an acquittal at your hands."

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

The facts of this case are sufficiently stated in the opinion. The eighth charge referred to in the opinion of the court, which was asked by the defendant, and to the refusal to give which the defendant separately excepted, was as follows: "The humane provision of the law is that a conviction should not be had on circumstantial evidence, unless it excludes to a moral certainty every reasonable hypothesis but that of the detendant's guilt. If the facts can be reasonably reconciled with any theory of the case consistent with the defendant's innocence, then the proof does not make out a cause as the law requires. No matter how strong the circumstances, if they can be explained reasonably and consistently with the defendant's innocence, then the law demands an acquittal at your hands."

VIRGIL BOULDIN, for appellant.—The indictment in this case includes homicide in every degree, and under the evidence, it was error for the court to refuse the request of the defendant to instruct the jury upon the law of manslaughter.—*Pierson v. State*, 99 Ala. 148; *Compton v. State*, 110 Ala. 24; *DeArman v. State*, 71 Ala. 351; *Brown v. State*, 109 Ala. 70.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN J.—The defendant was indicted for murder in the first degree and tried and convicted of murder

[Dennis v. The State.]

in the second degree. The questions presented for review, which are insisted upon in the brief of counsel for appellant, are the refusal of the court, though requested thereto, to instruct the jury upon the law of manslaughter, and the refusal to give charge No. 8 requested by the defendant.

The court is the judge of the law of the case, and in the exercise of this power, determines the legality and admissibility of the evidence offered. An indictment for murder in the statutory form includes manslaughter in the first and second degrees. The plea of not guilty puts in issue these several degrees of the charge of homicide, included in the indictment. The court determines whether the evidence offered, legally tends to support either offense, and whether that offered by the defendant, legally tends to disprove the charge, or is in rebuttal. It is not reversible error for the court to refuse an abstract charge, nor will the giving of an abstract charge which asserts a correct legal proposition, operate a reversal, unless it appears that on account of the circumstances of the case and the character of the charge given it was calculated to prejudice the party excepting. It is upon these principles that we have held that the court was not bound to charge the jury upon the constituents of manslaughter when there was no evidence or fact in the case which would authorize the inference that the offense was of that degree. The court being the judge of the law, necessarily adjudicates whether there is such evidence. The evidence being admitted, the statute expressly prohibits the court from charging upon its effect, unless requested.—Code of 1886, § 2754. This statute provides that the court "may also state the evidence when the same is disputed." It should be borne in mind that this provision was not intended to abridge the original, inherent power of the court to direct the attention of the jury to undisputed, admitted facts. The statute simply enlarges the power of the court in this respect.— *Tidwell v. The State,* 70 Ala. 33, 44.

Manslaughter in the first degree is punishable by imprisonment in the penitentiary for not less than one nor more than ten years ; murder in the second degree, for not less than ten years. Malice is the distinguishing element between murder and manslaughter. Malice may exist, and yet the circumstances of the killing may be

such as to call for no severer punishment than in a case of aggravated manslaughter. There may be a homicide without malice, and yet of such aggravated form as to justify the imposition of the same degree of punishment as where malice exists. There are facts from which the law presumes malice. This presumption may be rebutted or overcome by the facts which prove the killing, or by other evidence. Manslaughter in the first degree is the voluntarily depriving a human being of life, (Cr. Code of 1886, § 3731), and as defined and construed, without malice. In the case of *Hornsby v. The State*, 94 Ala. 55, 66, we held that whether the design or positive intention to take life, springs from the moving constituents of murder in the first degree, or murder in the second degree, or manslaughter, or self-defense, is always a question of fact for the jury, under proper instructions of the court. Because of the difficulty which sometimes arises to distinguish between the most aggravated cases of manslaughter in the first degree, and the mildest type of murder in the second degree, it has been declared "that it is much the safer rule to charge upon all the degrees of the homicide included in the indictment when the party is on trial for murder, unless it is perfectly clear to the judicial mind, that there is no evidence tending to bring the offense within some particular degree." *Pierson v. The State*, 99 Ala. 148, 153; *Compton v. The State*, 110 Ala. 24; *Brown v. The State*, 109 Ala. 70.

The jury ascertained by their verdict, that the defendant was guilty of murder in the second degree, and fixed the punishment at ten years imprisonment, the mildest punishment authorized by law. The court refused to instruct the jury as to manslaughter, and in effect, instructed them that the defendant was guilty of murder, or of no offense. The question then is, whether the charge requested by the defendant, upon the offense of manslaughter, was abstract. That defendant killed the deceased was not controverted, but was admitted. No one was present at the time of the homicide except the deceased and the defendant. They were partners in business, and up to the time of the killing, their families were living in the same house. When at their place of business, which was some distance from their residence, they slept together in the same bed, and were on good terms with each other. Cunningham, the deceased, had

the character of being troublesome, quarrelsome, violent and dangerous when drinking; a man who would provoke a difficulty. He was drinking the evening and night when he was killed. The defendant testified that deceased needed money to meet a pressing demand the next day. At night they went to bed together. Deceased woke him up about 12 o'clock at night, and told him he must have the money. Defendant refused to let him have it. Deceased cursed him, called him "a damn son of a bitch," and said that if he (witness) "had no more accommodation than that for a friend he would cut my (witness's) throat; that he had a knife in his hand opened and made at witness," &c., when witness fired and killed him. We do not see how it is possible to say that these facts would not authorize a jury to consider the offense of manslaughter. They were friends until but a few moments prior to the difficulty. That deceased was quarrelsome, violent and dangerous when drinking, and would provoke a difficulty; that he was drinking; that he became angry when refused the loan of money, cursed, abused and threatened the defendant, that he advanced with a drawn knife and his death ensued almost immediately. It was not for the court to determine what weight a jury should give to this evidence. They are made the exclusive judges of its credibility and the weight to be given to it. Neither does the fact that defendant made different or contradictory statements, if such were made, affect the question, nor that there was other evidence which in the opinion of the court, showed absolutely that the version of the defendant was untrue. The province of court and jury are distinctly marked, and neither can lawfully invade the other.

The statements contained in the 8th charge may be correct in a sense, but the form of expression is in the nature of an argument, and calculated to mislead the jury. We do not approve of the use of the word "humane" in an instruction to the jury, as the jury is apt to conclude that the case before them is one which calls for the application of the principle. It is very proper in an argument to justify a conclusion of law.

There are other charges which the court refused to give, but which do not seem to be insisted upon, and we decline to consider them, as the case must be reversed for the error noted.

Reversed and remanded.