[Smith v. The State.]

# Smith *v.* The State.

## *Murder.*

(Decided Feb. 6, 1908.  45 South. 626.)

1. *Criminal Law; Instruction; Refusal.*—An instruction which properly defines murder in the first degree but improperly defines murder in the second degree is properly refused.

2. *Homicide; Murder; Second Degree; Elements of; Intent to Kill.*—It being sufficient to constitute murder in the second degree if any unlawful force is voluntarily. set in motion or applies, from which death results, it follows that the intent to kill is not a necessary element thereof.

3. *Same; Instruction; Misleading.*—An instruction which asserts that malice aforethought is a necessary ingredient in murder in the first degree and murder in the second degree, and that malice aforethought is a formed design unlawfully to do mischief or injury to another, is confusing and misleading and its refusal proper.

4. *Same.*—Where the indictment charged and the proof showed that defendant struck deceased with a fence rail, a charge asserting that the jury must believe that defendant struck him with a blow is misleading and properly refused.

5. *Same.*—There can be no manslaughter unless it is the result of an act unlawfully done and unless death actually resulted from the act, and a charge which pretermits the fact that the act was unlawful, and predicates the manslaughter upon a blow from which ordinarily death or great bodily harm would result, is incorrect and properly refused.

6. *Criminal Law; Appeal; Harmless Error; Error Favorable to Complaining Party.*—Defective charges are properly refused although the defects are favorable to the party against whom they are asked.

7. *Same; Abstract Instruction.*—It is not error to refuse special instructions although they are abstractly correct.

8. *Same; Instructions Already Given.*—It is not error to refuse requested instructions fully or substantially covered by requested instructions given.

9. *Homicide; Triel; Instruction.*—A charge asserting that one of the ingredients of murder in the second degree is malice aforethought and willfulness, is improper in the use of malice aforethought as applied to murder in the second degree.  (Dowdell, Anderson and Denson, JJ., dissenting.)

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

George Smith was convicted of murder in the first degree, and appeals. Affirmed.

The defendant was convicted of murder in the first degree, and sentenced to life imprisonment. The record having been mislaid, it is impossible to make a statement of the facts. The following charges were requested by the defendant and refused by the court:

"(14) The court charges the jury that murder in the first degree is the intentional killing of a human being with deliberation, malice, and premeditation; and murder in the second degree is the intentional and malicious killing of a human being.

"(15) Malice aforethought is a necessary ingredient of murder in the first degree and murder in the second degree, and malice aforethought is a formed design unlawfully to do mischief, or to do injury to another."

"(30) The court charges the jury that, in order to find the defendant guilty of manslaughter in the first degree, they must believe beyond all reasonable doubt that at the time the deceased met his death that the defendant struck him with a blow with the intent to kill him, or that he struck him such blows as ordinarily death or great bodily harm would result.

"(31) The court charges the jury that, in order to constitute manslaughter in the first degree, there must be a positive intention to kill, or an act of violence from which ordinarily death or great bodily harm would result.

"(32) The court charges the jury that they cannot find the defendant guilty of manslaughter in the first degree, unless they believe beyond a reasonable doubt that the defendant struck deceased a blow with the intent to kill him, or that a blow was inflicted upon him by defendant with such violence as death or great bodily harm would result.

"(33) To constitute manslaughter in the first degree there must be a positive intention to kill when the blow is stricken, or the acts committed by the defendant on the person of deceased from which death resulted must have been so violent that in the usual course of events death or great bodily harm would have ordinarily resulted.

"(34) The court charges the jury that they cannot find the defendant guilty of manslaughter in the first degree unless they believe beyond all reasonable doubt, from all the evidence in this case, that the defendant struck deceased a blow with a positive intention to kill him, or that such blow or blows inflicted on him by the defendant were of such violence as would ordinarily, in the usual course of events, result in death or great bodily harm.

"(35) The court charges the jury that one of the ingredients of murder in the first degree is malice, that is, that the killing must have been maliciously done, and malice means with fixed hate, or done with wicked intentional motive as a result of sudden passion."

"(23) The court charges the jury that one of the ingredients of murder in the second degree is willfulness and malice aforethought, and unless the jury believe beyond all reasonable doubt that the deceased came to his death by blows inflicted upon him by the defendant intentionally and with malice aforethought they cannot find him guilty of murder in the second degree."

ESPY & FARMER, for appellant. Charge 14 was not misleading in its definition of murder in the second degree.—*Mitchell's Case*, 60 Ala. Malice aforethought is a necessary ingredient of murder in the second degree and the definition given of malice aforethought is proper.—*Stovall's Case*, 116 Ala. 454. Charge 35 should

3 R

have been given.—*Stovall v. The State, supra; Mitchell v. The State,* 60 Ala. 26; *Field's Case,* 52 Ala. 348. As to the charges refused the court's attention is called to the following cases.—*Hornsby v. The State,* 94 Ala. 55; *Harrington v. The State,* 83 Ala. 9; *Williams v. The State,* 83 Ala. 16; *Lewis v. The State,* 96 Ala. 6.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—Without determining whether or not charge 14 properly defined murder in the first degree, as applicable to the facts in the case at bar, it also attempted to define murder in the second degree, and as to which it was erroneous and misleading. It is not necessary that there was an intent to kill to constitute murder in the second degree. It is sufficient if the defendant voluntarily set in motion or applied an unlawful force from which death ensued, however free the action may be from actual purpose to kill.—*Lewis v. State,* 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; *Bob v. State,* 29 Ala. 20 (this last case was in part overruled in the case of *Henry v. State* 33 Ala. 389, but not on this point); section 4854 of Code of 1896; Kerr on Homicide, § 29. The trial court did not err in refusing charge 14, requested by the defendant.

There was no error in refusing charge 15, requested by the defendant.—*Wilson v. State,* 128 Ala. 17, 29 South. 569, and cases there cited.

The trial court did not err in refusing charge 30, requested by the defendant. If not otherwise faulty, it was misleading by having the word "with" between "him" and "a blow." It requires the jury to believe that defendant struck the deceased "with a blow," and the indictment avers and the proof shows that death was produced by striking the deceased with a "fence rail."

[Smith v. The State.]

The trial court will not be put in error for refusing charges 31, 32, 33, and 34, requested by the defendant. They each pretermit the fact that the act was unlawful. There may have been a positive intent to kill, or a voluntary act of violence, on the part of the defendant; yet it would not be manslaughter in the first degree unless unlawfully done. One may have a positive intent to kill or strike a violent blow in self-defense. Moreover, each of the charges predicates manslaughter, not upon a killing alone, but upon a blow from which "ordinarily death or great bodly harm would result." There can be no manslaughter unless death actually resulted. Serious bodily harm is not enough. It is true the latter phrase is used in the books in discussing the intent; but there the abstract proposition is dealt with and not charges, and when it comes to charges they are erroneous in defining the different degrees of homicide upon serious bodily harm, as death is essental to a homicide. It may be that the omissions and additions discussed rendered the charges more favorable to the state; but this fact will not put the trial court in error for refusing them. It may be that a party against whom erroneous charges are given cannot complain because too favorable to them, and the trial court will not, for that reason, be reversed. But we will not reverse the trial court for refusing charges that are not proper, although the defect way be in favor of the party against whom they are asked. We are aware of the fact that the charges adopt the language of the books in defining intent, manslaughter, etc.; but there is a distinction between discussing an abstract proposition and in dealing with specal charges.

Charge 35, refused to the defendant, whether good or bad, was fully covered by given charge No. 2.

A majority of the court are of the opinion that the trial court did not err in refusing charge 23; that it was

misleading, for the use of the word "aforethought" as applied to murder in the second degree; and consider the case of *Wilson v. State,* 128 Ala. 17, 29 South. 569, an authority in support of their conclusion. Justices Dowdell and Denson agree with the writer in the opinion that the charge asserts the law and that the trial court erred in refusing same.—*Ethridge v. State,* 141 Ala. 29, 37 South. 445; *Perry v. State,* 43 Ala. 21; *Fields v. State,* 52 Ala. 348; Clark's Manual § 469; *Stoball's Case,* 116 Ala. 454, 23 South. 162.

The judgment of the circuit court is affirmed.

TYSON, C. J., and HARALSON, SIMPSON, and McCLELLAN, JJ., JJ., concur. DOWDELL, ANDERSON, and DENSON, JJ., dissent.