# Fowler *v.* The State.

## *Murder.*

(Decided Feb. 13, 1908.   45 South. 913.)

1. *Criminal Law; Appeal; Review; Harmless Error in Admission of Evidence.*—The admission of testimony of a witness that she went into defendant's kitchen and found some partly cooked food on the stove, and that she put salt in the food and fire in the stove, although immaterial to any issue in the case, is not reversible error as it appears that no injury resulted to accused therefrom, and if error, is cured by section 4333, Code 1896.

2. *Same.*—Where witness had testified that she lived from 150 to 200 yards from defendant's house and that when she went there on the evening that deceased died she found her lying on the bed in a cold perspiration, it was harmless error to allow her to testify that just before she went to the house defendant's little girl came to her house in a run.

3. *Homicide; Evidence; Personal Relation Between Parties.*—It was permissible for a witness to testify that she had seen defendant whip his wife, the deceased, a week before she died, as the relation existing between defendant and the injured person, when the offense is against the person or property, is admissible as tending to disclose a motive on defendant's part, and as aiding in identifying him as the wrong doer.

4. *Criminal Law; Evidence; Opinion.*—The testimony of one who aided in dressing deceased for burial, that she saw some bruises on deceased body; and their location, was not an expression of opinion or conclusion of the witness and was admissible.

5. *Same; Matters Explanatory of Facts in Evidence.*—Where a witness had testified that she visited defendant's house about four o'clock on the evening before deceased died and had testified to the condition in which she found deceased, it was permissible for the mother of such witness to testify that witness had left her house just before sundown on that evening.

6. *Homicide; Instruction; Degree of Crime.*—If, under the evidence, the defendant was either guilty of murder or was entitled to an acquittal, it was unnecessary to charge upon the law of manslaughter.

7. *Criminal Law; Trial; Argumentative Instruction.*—A charge asserting that the law makes the humane provision that if the jury can account for the death of deceased from pathologic causes, they must do so and acquit defendant, is properly refused as being argumentative.

8. *Same.*—Charges are argumentative and properly refused which assert that the humane provision of the law, is that there should not be a conviction, unless to a moral certainty the evidence excludes every other reasonable hypothesis, than that of the guilt of accused, and no matter how strong the facts may be, if they can be reconciled with the theory that some other person may have done the act, or that deceased may have come to her death from natural causes, then the guilt of accused is not shown by that full measure of proof which the law requires.

9. *Homicide; Intent as an Ingredient of Murder in the Second Degree.*—Charges hypothesizing intent to kill as a necessary ingredient of murder in the second degree are properly refused as misleading.

10. *Criminal Law; Trial; Abstract Instruction.*—Requested charges based upon the hypothesis that death was caused by a blow of a deadly weapon or a blow with the fist are abstract, where there was no evidence tending to show the circumstances attending the killing and the defense was that deceased came to her death from natural causes.

11. *Same; Argumentative Instructions.*—Charges are properly refused as argumentative which assert that it is the duty of each member of the jury to decide the issues presented for himself, and if, after careful consideration, and full consultation with his fellows, he has a reasonable doubt of defendant's guilt, it is his duty to stand by his convictions, and not yield simply because others disagree with him.

12. *Same; Presumption of Innocense.*—It is error to refuse a charge asserting that the innocense of defendant must be presumed until his guilt is established by the evidence in all the material aspects of the case beyond a reasonable doubt and to a moral certainty.

13. *Indictment; Form; Sufficiency.*—An indictment which does not conclude, "against the peace and dignity of the state of Alabama" is insufficient to support a conviction.—Section 4893, Code 1896. Article 6, section 170, Constitution 1901.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PERACE.

[Fowler v. The State.]

Frank Fowler was convicted of murder in the second degree, and appeals. Reversed and remanded.

Defendant was indicted for murder in the first degree, and tried and convicted of murder in the second degree, and sentenced to the penitentiary for 40 years. The evidence to which exceptions are reserved are sufficiently stated in the opinion.

The defendant excepted to the following part of the court's oral charge: "That if, under the evidence in this case, you are satisfied beyond a reasonable doubt that the defendant is guilty of murder in the first degree, as defined to you by the court, you will find him guilty of murder in the first degree, and fix his punishment at death or imprisonment in the penitentiary for life, either the one or the other, you to determine which by your verdict; but if you are not satisfied beyond a reasonable doubt that he is guilty of murder in the first degree, but are satisfied beyond a reasonable doubt that he is guilty of murder in the second degree, as defined to you by the court, you will find him guilty of murder in the second degree, and fix his punishment at imprisonment in the penitentiary for not less than 10 years, you to say by your verdict how many years he shall be imprisoned in the penitentiary; but if under the evidence you are not satisfied beyond a reasonable doubt that he is guilty of murder in the first degree, or of murder in the second degree, then it will be your duty to return a verdict of not guilty."

Defendant also excepted to the refusal of the court to define manslaughter, and to charge on the crime of manslaughter.

The following written charges were requested by the defendant and refused: "'(1) The law makes the humane provision that, if the jury can account for the death of the deceased by pathologic causes, they must do

so and acquit the defendant." (2) The affirmative charge. "(3) Unless the jury believe beyond all reasonable doubt that the defendant struck his wife with intent to kill her, they cannot find him guilty of murder in the first degree, nor in the second degree. (4) The court charges the jury that if they believe from the evidence that Missouri Fowler came to her death from a blow inflicted upon her, and that said blow was inflicted by defendant in the heat of blood with a deadly weapon, and the evidence does not show that there was a previous intent, or formed design, or such deliberation as to show that the reason held sway, then the defendant cannot be convicted of murder in either degree. (5) Unless the jury believe beyond all reasonable doubt that defendant struck his wife with intent to kill her, they cannot find him guilty of murder in the first degree, nor in the second degree. (6) The court charges the jury that murder in the first degree is the intentional killing of a human being with deliberation, malice, and premeditation, and murder in the second degree is the intentional and malicious killing of a human being. (7) A mere blow with the fist may produce death, but very rarely, and would scarcely fix the intent of causing death. (8) A mere blow with the fist or hand might produce death; but such result is rare, and would scarcely ever fix the intent of the party inflicting the blow to cause death. (9) Although the jury may believe from all the evidence in this case that the death of Missouri Fowler was caused by a blow with the hand or fist of defendant, yet the jury cannot find him guilty of murder in the first or second degree unless they should further believe beyond all reasonable doubt that such blow was inflicted by the defendant with the intent to cause her death." 10, 11, 12, 13, and 14 are charges as to manslaughter. "(15) The humane provision of the law is

that there should not be a conviction upon the evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof which the law requires. (16) The humane provision of the law is that there should not be a conviction upon the evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the facts may be, if they can be reconciled with the theory that the deceased came to her death from natural causes, then the guilt of the accused is not shown by that full measure of proof which the law requires." (17) Practically a duplicate of 16. "(18) The court charges the jury that the evidence in this case is partly circumstantial, and his innocense must be presumed by the jury until his guilt is established by evidence in all the materal aspects in the case beyond a reasonable doubt and to a moral certainty." 19 and 20 are substantially duplicates of 18. "(A) The court charges the jury that it is the duty of each and every member of the jury in this case to decide the issues presented for himself, and if, after a careful consideration of all the evidence in this case and the instructions of the court as to the law, and free consultation with his fellows, there is any single juror who has a reasonable doubt of defendant's guilt, it is his duty under his oath to stand by his convictions favorable to the finding of not guilty. He should never yield his convictions simply because every other single one on the jury may disagree with him. (B) The court charges the jury that it is the duty of each juror to decide the issues in this case for himself, and if there is any juror who has a reasonable

doubt of the guilt of the accused it is his duty to stand by his convictions, and he should not yield simply because every other juror may disagree with him."

Espy & Farmer, for appellent. No brief can to the Reporter.

Alexander M. Garber, Attorney-General, for the State.

DENSON, J.—The defendant was convicted in Houston circuit court of murder in the second degree, and sentenced to imprisonment in the penitentiary for 40 years. From the judgment of conviction he has taken this appeal.

The deceased was the wife of the defendant, and it is the contention of the state that she came to her death in consequence of blows struck by him. The record does not disclose any positive evidence of defendant's guilt. The establishment of it depended upon circumstantial evidence. The fact rested in inference.

If it be conceded that it was error for the court to allow witness Beatrice Howard to testify that she went into the kitchen at defendant's house, that she found a pot of greens and some meat on the stove, about half done, and some bread, and that she put some salt in the pot with the greens and put some fire in the stove, we are, notwithstanding, satisfied that no injury resulted to the defendant therefrom, and under section 4333 of the Code of 1896 we hold that such error is not a reversible one.

It is shown by the evidence of Beatrice Howard that she lived within 150 or 200 yards of defendant's house, and that she went to the house of the defendant, between sundown and dark, on the evening that the deceased

died, and found her lying on the bed in a "cold perspiration." It was not error to allow the witness to testify that just before she went to defendant's house the defendant's little girl "came to my house in a run."

Nor did the court err in allowing the state to prove by this witness that she saw defendant whip the deceased a week before the deceased died. "The relations existing between the accused and the injured person, when the offense is against the person or property, may tend to disclose a motive on the part of the accused and aid in identifying him as the wrongdoer." *Long's Case* 86 Ala. 36, 43, 5 South. 443; *Hudson's Case*, 61 Ala. 333.

Mrs. Lewis (a witness for the state), who aided in dressing the deceased for burial, was properly allowed to testify that she saw some bruises on the deceased, and their location on the body. This testimony was not an expression of the opinion or conclusion of the witness, as is assumed by counsel for the defendant. *Henry Walker v. State,* 153 Ala. 31, 45 South. 640; *Watkins' Case,* 89 Ala. 82, 8 South. 134; *Sanders' Case,* 134 Ala. 74, 32 South. 654; *Terry's Case* 120 Ala. 286, 25 South. 176; *Mayberry's Case,* 107 Ala. 64, 18 South. 219.

After Docia Lewis (daughter of the witness Mrs. Lewis) had testified as to her visit to the defendant's house, at about 4 o'clock in the evening before the deceased died, and as to the condition in which she found the deceased, it was not error to allow Mrs. Lewis to testify that Docia left her house just before sundown on that evening.

The oral instruction of the court, excepted to, involves no error. Under the evidence the defendant was either guilty of murder or he was entitled to an acquittal. There was, therefore, no occasion for the trial court to give the law of manslaughter in charge to the jury. *Gafford's Case,* 125 Ala. 1, 28 South. 406; *Dennis' Case,*

[Fowler v. The State.]

112 Ala. 64, 66, 20 South. 925; *Rogers' Case,* 117 Ala. 9, 15, 22 South. 666. It follows that the unnumbered written request of the defendant to the court to charge on the law of manslaughter (even if it had been in proper form), together with written charges 10, 11, 12, 13, and 14, was properly refused; and, of course, the oral request on the same subject was properly refused.

Charges 1, 15, 16, and 17, were properly refused—if for no other reason, because they are argumentative. *Dennis' Case,* 112 Ala. 64, 68, 20 South. 925; *Oakley's Case,* 135 Ala. 15, 33 South. 23; *Bohlman's Case,* 135 Ala. 45, 33 South. 44.

Upon the evidence disclosed in the record the guilt or not of the defendant was properly a question to be determined by the jury, and charge 2 (the general affirmative charge) was properly refused.

Intent to kill is not necessarily an ingredient of murder in the second degree; and charges 3, 5, and 6, in hypothesizing such intent as necessary to be shown to warrant a conviction for that degree of murder, have a misleading tendency, and were properly refused. *Lewis' Case,* 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; *Smith's Case,* 154 Ala. 31, 45 South. 626.

There is no testimony tending to show the circumstances attending the killing, or to show that it was done in heat of passion; nor is there any evidence that the deceased came to her death as the result of a blow from the fist. The defense made was that the deceased came to her death from natural causes—that the defendant had no agency whatever in producing her death. Consequently charges 4, 7, and 8 were properly refused as being abstract. *Dennis' Case,* 112 Ala. 64 20 South. 925.

Charges A and B are argumentative, and their refusal involves no error.

[Wright v. The State.]

In refusing each of charges 18, 19, and 20, the court committed reversible error. *Gilmore's Case,* 99 Ala. 159, 13 South. 536; *Salm's Case,* 89 Ala. 56, 8 South. 66; *Pickens' Case,* 115 Ala. 42, 22 South. 551; *Bryant's Case,* 116 Ala. 445, 23 South. 40; *Amos' Case,* 123 Ala. 50, 26 South. 524;. *Harris' Case,* 123 Ala. 69, 26 South. 515.

It appears from the indictment as copied in the record that it is insufficient, and will not support a conviction, in that it does not conclude, "against the peace and dignity of the state of Alabama," as required by the Constitution of 1901 (article 6, 170) and by the statute (Code 1896, 4893). *Smith's Case,* 139 Ala. 115, 36 South. 727.

For the errors pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.