# Poellnitz *v.* The State.

## Assault With Intent to Murder.

(Decided June 30, 1911. 55 South. 1028.)

1. *Homicide; Assault With Intent; Motive; Evidence.*—Where there was evidence that the defendant had assaulted prosecutrix with intent to murder her, evidence of former relations between them and of the termination of those relations by her against his wishes, and of subsequent threats by defendant against her, were admissible to show motive, and as tending to aid in identifying defendant as the assailant.

2. *Same.*—Where the evidence showed former relations between the prosecutrix and the defendant and their termination by her against his wishes it was competent for a statement made by him to her in a conversation wherein she told the defendant not to come to see her again, that if she didn't do him any good she wouldn't do anyone else any good, to be admitted as in the nature of a threat, the meaning of which was for the jury.

3. *Witnesses; Examination; Answer.*—Where the prosecutrix in testifying used the phrase "to tell you the truth," in connection with her statement that she had been going with the defendant, such phrase being a mere colloquialism, it was not error for the court to decline to strike it out.

4. *Evidence; Identity.*—In connection with other proof offered it was permissible to show that the defendant approached and left the scene of the crime on foot, but rode away on his mule after regaining the pasture in which it was.

5. *Same; Bolstering Other Testimony.*—Where a witness testified that he was with the defendant at the defendant's house on the night of the shooting, it was not competent to show that such witness on that night inquired of a third person the way to defendant's house.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Sidney Poellnitz was convicted of an assault with intent to murder Belle Banks, and he appeals. Affirmed.

J. M. MILLER, for appellant. Counsel discusses assignments of error relative to evidence, but without citation of authority.

ROBERT C. BRICKELL, and W. L. MARTIN, Assistant Attorney General, for the State. The court did not err

in the admission of evidence as to the relation between prosecutrix and defendant, or as to the defendant's assertion in the nature of threats.—*Ford v. The State,* 71 Ala. 285; *Walker v. The State,* 85 Ala. 7; *Long v. The State,* 86 Ala. 36; *Griffin v. The State,* 90 Ala. 596; *Fowler v. The State,* 155 Ala. 21.

WALKER, P. J.—In connection with other evidence tending to show that the defendant made the assault with which he was charged in the indictment, it was competent to show that illicit relations had existed between him and the woman assaulted, that these relations had been brought to an end by the woman, against the wishes of the defendant, and that thereafter the defendant made threats against her. Such proof may tend to disclose a motive on the part of the accused to commit the assault, and aid in identifying him as the wrong-doer.—*Long v. State,* 86 Ala. 43, 5 South. 443; *Fowler v. State,* 155 Ala. 21, 45 South. 913; *Ford v. State,* 71 Ala. 385.

The phrase "to tell you the truth," used by the woman in her statement, "I had been going with this man, to tell you the truth," was a mere colloquialism expressive of her sense of the fact admitted being one which she might wish to conceal except when required to disclose it; and there was no error in the court's refusal to exclude that part of the statement.

Objection was made to the statement of the defendant, as deposed to by the woman, "He told me that if I didn't do him no good, I wouldn't do nobody else no good," on the ground that it was not in the nature of a threat. In the light of the circumstances under which the statement was made—in the course of a conversation with the woman, in reference to which she testified, "I told him, 'What you keep coming here for?' I told him

I didn't want him no more"—it seems plain that the statement was fairly susceptible of being construed as conveying a covert threat, as a manifestation of jealousy or hostility and of a purpose to do the woman an injury. Its meaning was a question for the jury. The fact that innuendo was resorted to does not make evidence of such a statement inadmissible, where it may imply a menace of harm to the person charged to have been assaulted.—*Woods v. State,* 76 Ala. 35, 52 Am. Rep. 315; *Barnes v. State,* 88 Ala. 204, 7 South. 38, 16 Am. St. Rep. 48.

In connection with proof tending to show that footprints leading from the place where the shot was fired to a pasture fence near by were made by the defendant, and that the tracks of a mule corresponding with those of a mule belonging to the defendant were found in the pasture, it was competent to prove that there was a gate on the side of the pasture farthest from the scene of the shooting and in the direction of the defendant's residence, as a circumstance tending to show that the defendant approached and left the scene of the shooting on foot, but rode away on his mule after he regained the pasture lot.

The testimony of one Watson, a witness for the defendant, tended to show that he was with the defendant at his own residence, some distance away, at or about the time the shooting occurred. The fact that this witness that night made inquiry of a person in the neighborhood as to the way to the defendant's house could have had no bearing upon any issue in the case, and the court was not in error in sustaining the solicitor's objection to a question to another witness seeking to elicit proof of that fact.

Affirmed.