# Western Union Telegraph Company v. Robbins.

### Damages for Failure to Deliver Telegram.

(Decided Nov. 14, 1911.   Rehearing denied Dec. 14, 1911.
56 Souh. 879.)

1. *Telegraphs and Telephones; Action; Complaint.*—The complaint examined and it is held as the entire complaint showed that the payment was made by the plaintiff to the defendant, the complaint was not demurrable because it averred that payment had been made to the plaintiff it being obvious that the word, "plaintiff" was mistakenly used for "defendant."

2. *Same; Action; Evidence.*—The evidence in this case stated and examined and held to warrant a finding that the sender of the message was acting as the plaintiff's agent.

3. *Same; Burden of Proof.*—Where the action was against a telegraph company for damages for delay in the transmission of a message announcing the death of the grandmother of plaintiff, and the allegation is that plaintiff was deprived of attending her funeral, the burden is upon the plaintiff to establish such allegation by evidence tending to show that he could and would have availed himself of the opportunity to do so had the message been received in time.

4. *Same.*—The evidence in this case stated and examined and held to require a submission to the jury of the question as to whether the plaintiff could and would have attended the funeral had he received the message in time.

5. *Same; Damages; Punitive Damages.*—Where the failure to promptly deliver a death message was the result of gross negligence, punitive damages may be assessed.

6. *Same; Construction.*—In an action against a telegraph company for a failure to promptly transmit and deliver a death message, a charge asserting that if the jury be confused and uncertain after weighing the evidence as to whether or not the plaintiff could have been found within the area of free delivery, the verdict should be for the defendant, was properly refused because misleading to the conclusion that any degree of confusion would suffice to require a verdict for the defendant.

7. *Charge of Court; Undue Prominence to Particular Evidence.*—A party is not entitled to a charge upon particular portions of the evidence.

8. *Same; Covered by Those Given.*—It is proper to refuse request for instructions covered by charges already given.

9. *Same; Assuming Facts.*—Charges which assume as proven facts in dispute, or which assume facts not shown by the evidence are properly refused.

10. *Evidence; Judicial Notice; Geographical Matters.*—The court will take judicial notice of the location of counties and lines of railroads connecting points in the several counties.

11.—*Appeal and Error; Harmless Error; Evidence.*—Where the action was against a telegraph company for delay in the delivery of a death message, and there was evidence showing that the plaintiff and the sender were brothers, that their mother died when plaintiff was about six years old, and that the two boys were reared by their grandmother. all of which was admitted without objection, the admission of testimony that the sender of the message was nine years old when his mother died, was harmless error, although immaterial.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by S. O. Robbins against the Western Union Telegraph Company, for damages for failure to promptly deliver telegram. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion. The following charges were refused to the defendant: (2) "If you believe the evidence in this case, you cannot find that the plaintiff was prevented from attending his grandmother's funeral by reason of the acts complained of." (4) "I charge you that it is not averred in the complaint that plaintiff was prevented from attending the funeral of his grandmother, but that he was deprived of the privilege of attending her funeral, and of paying the last rites of respect to her; and I charge you that you cannot assume, without legal proof of that fact, that plaintiff had the means to have availed himself of the privilege, and could have and would have reached the scene of the funeral before his grandmother was interred." (8) "I charge you that if you believe the evidence in this case you cannot assess any damages in this case for or on account of mental suffering." (5) "I charge you that you cannot in this case assess any damages whatever upon the theory that this defendant must be punished; the sole question, so far as damages

are concerned, being whether or not plaintiff suffered the specific damages referred to in his complaint; and if you should find that plaintiff has not sustained appreciable damages, as claimed, in addition to the natural grief he would feel at the death of his grandmother, you could not assess any damages in favor of the defendant in excess of the amount paid for the message, even if you should find that plaintiff was entitled to recover." (9) "I charge you that you cannot assess any damages whatever in this case for the purpose of punishing the defendant." (6) "If you are reasonably satisfied from the evidence that defendant's agent acted in good faith upon information from reputable sources acquired in and about reasonable effort to deliver the message, and that a reasonably prudent man, acting under the same circumstances, would have done as the agents for plaintiff did, after acquiring such information as they may have acquired in the exercise of reasonable diligence, if that was exercised, your verdict must be for the defendant." (7) "I charge you that it is your duty to dispassionately weigh the evidence in this case as to the question of distance of Mr. Connor's residence from the office of the defendant at Nauvoo, as all other issues in the case; and if you are confused and uncertain as to whether or not Connor or plaintiff could have been found within the agreed area of free delivery by the exercise of reasonable diligence, and cannot from the evidence reach a determination to your reasonable satisfaction upon that or any issue or question material to recovery, your verdict must be for the defendant."

CAMPBELL & JOHNSTON, for appellant. The count is ex delicto and hence, a definite loss in estate must be averred and shown in addition to the mental pain and anguish averred.—*Blount v. W. U. T. Co.,* 126 Ala. 105;

*W. U. T. Co. v. Rowell,* 153 Ala. 295; *W. U. T. Co. v. Howle,* 47 South. 342. The averment of the complaint is that the amount paid plaintiff for the transmission of the message was lost to him, and this shows no loss to plaintiff. The proof is equally defective, and it is manifest that a voluntary repayment of such sum paid for the message by the sender without any intention of charging the same to the sendee, cannot become the retroactive basis of the action.—*Heathcoat v. W. U. T. Co.,* 156 Ala. 239; *Northcutt v. W. U. T. Co.,* 158 Ala. 359. Sufficient agency was not shown.—*Northcutt v. W. U. T. Co., supra.* On these authorities, it is insisted that the demurrers should have been sustained, and the affirmative charge given for the defendant The court should have given charges 2, 3, 4 and 8, requested by the defendant.—*W. U. T. Co. v. McMorris,* 158 Ala. 563; *Bright v. W. U. T. Co.,* 43 S. E. 841; *Hancock v. W. U. T. Co.,* 49 S. E. 752. The court should have given charges 5 and 9.—*Westmoreland v. W. U. T. Co.,* 44 South. 382. Counsel discuss the other assignments of error, but without further citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. There is no doubt as to the meaning of the complaint, and mere clerical mistakes will not render it bad.—31 Cyc. 77. The proof of agency was sufficient.—*West v. W. U. T. Co.,* 7 Am. St. Rep. 530; Jones on Telephones & Telegraphs, sec. 484. The evidence objected to was harmless if immaterial.—*W. U. T. Co. v. Crocker,* 135 Ala. 492. There was evidence tending to support the allegations, that had the message been promptly delivered plaintiff could and would have attended the funeral.—*W. U. T. Co. v. McMorris,* 48 South. 349; *W. U. T. Co. v. Crowder,* 48 South. 482. The boundaries of counties and the fact that two towns are connected by railroads

are matters of judicial knowledge.—16 Cyc. 861. Counsel discuss the charges refused, but without citation of authority.

WALKER, P. J.—The suggestion that the demurrer to the complaint should have been sustained because of its failure to aver a definite loss in estate to the plaintiff is based upon the presence in the last clause of the complaint of the allegation that "the amount paid plaintiff for the transmission of said message, as aforesaid, to wit, twenty-five cents, was lost to the plaintiff." It is urged that this averment shows that the plaintiff could not have suffered a loss by the payment of an amount to himself. If the complaint is read as a whole, it cannot fairly be given the meaning sought to be imputed to it. The amount mentioned in the above-quoted clause as having been lost to the plaintiff is identified as the amount paid "as aforesaid." The only payment previously mentioned in the complaint is of the "hire and reward," plainly stated to have been paid by the plaintiff. A mere clerical mistake in one part of a pleading, such as the use of one word for another, where, on reading it as an entirety, there is and can be no doubt as to what word the pleader intended to use, will not be allowed to fix upon the pleading a meaning plainly not intended.—4 Ency. of Pl. & Pr. 746, 747; 31 Cyc. 77. A mere reference to the former part of the complaint is enough to show that it was by a clerical mistake that the word "plaintiff," where it first appears in the above-quoted clause, was inserted when the word "defendant" was intended. The complaint, read as a whole, clearly avers that the amount named was paid by and lost to the plaintiff. The demurrer was properly overruled.

D. A. Robbins, the sender of the message, who is a brother of the plaintiff, testified, without objection, that his mother was dead; that he and the plaintiff were reared by their grandmother, whose death was announced in the telegram; the witness stating that he and the plaintiff called her "mother." In this connection, the witness was asked how old he was when his mother died. The defendant's objection to the question having been overruled, the witness answered that he was nine years old. The defendant excepted to the action of the court in overruling its motion to exclude the answer to the question. It may be conceded that the matter deposed to was irrelevant and immaterial. But it is not perceived how its admission in evidence could have prejudiced the defendant. The evidence, admitted without objection, showed that the plaintiff and the sender of the message were brothers; that their mother died when the plaintiff was about six years old; and that the two brothers were brought up by their grandmother. With these facts in evidence without objection, it is inconceivable that the defendant could have suffered any injury by the admission of proof that the plaintiff's brother was his senior by three years. The fact so allowed to be proved could not have been of benefit to the plaintiff, or have had any unfavorable bearing upon any position sought to be maintained by the defendant in the trial. A judgment is not to be reversed because of the admission of immaterial evidence that could not have harmed the party objecting.— *Southern Railway Co. v. Cunningham,* 152 Ala. 147, 44 South. 658; *Fowler v. State,* 155 Ala. 21, 45 South. 913; *Snedecor v. Pope,* 143 Ala. 275, 39 South. 318.

The counsel for the appellant insist that the general affirmative charge requested by the defendant should have been given, because the proof failed to show that

D. A. Robbins, in sending the message, was acting for or as the agent of the plaintiff. This contention is based upon the statement of D. A. Robbins that he sent the message at the request of a brother-in-law of the deceased. That statement was only part of the evidence on the subject. The same witness had already testified that a few days before the telegram was sent the plaintiff wrote him a letter, telling where he was, and asking that if his grandmother got any worse to let him know; and the plaintiff testified that when he got to Nauvoo he wrote to his brother and told him where he was boarding, and asked his brother to telegraph him if their grandmother got worse. There was evidence to support an inference that D. A. Robbins, in sending the message, was acting in pursuance of a request of the plaintiff and as his agent, though he was informed of his grandmother's death by another, and, in sending the telegram, acted also on the latter's suggestion or request. The fact that another person also asked the sender to send the message would not stand in the way of the conclusion that he acted for the plaintiff, and that the plaintiff in repaying the cost of the message was discharging a debt for an expense incurred at his instance. We understand the ruling in the case of *Western Union Telegraph Co. v. Northcutt,* 158 Ala. 539, 49 South. 553, 132 Am. St. Rep. 38, upon which the counsel for the appellant rely in this connection, to be merely to the effect that one person, in sending a telegram, is not to be regarded as acting as the agent for another, in the absence of an agreement or understanding between them to that effect; in other words, that the sender of the telegram is not to be regarded as acting as the agent for another in sending it, merely because such other person undersood that that was the case, if the sender was not a party to such agreement

or understanding. In the case at bar, there was evidence tending to show that the telegram was sent in pursuance of an agreement or understanding between the sender and the plaintiff that, in the contingency provided for, the telegram was to be sent to the latter.

It is argued in behalf of the appellant that the second, third, fourth, and eighth charges refused to it should have been given, because of the alleged absence of any evidence tending to show that the plaintiff could or would have attended the funeral of his grandmother, even if the message had been promptly delivered. It may be admitted that the plaintiff could not sustain the claim that, by the failure to deliver the message with reasonable promptness, he was deprived of the privilege of attending his grandmother's funeral, in the absence of evidence tending to show that he could and would have availed himself of the opportunity to do so, if he had received the information in due time. There was a ruling in the case of *Western Union Telegraph Co. v. McMorris,* 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46, to the effect that a jury would not be authorized to find that a failure to deliver a telegram had an alleged result, in the absence of evidence to support such a conclusion; and in that case the court held that the requisite evidence was lacking.

The question then is, Is there a similar deficiency of evidence in the case at bar? There was evidence tending to show the following facts: About three weeks before the death of plaintiff's grandmother, plaintiff left the place near Littleton, in Jefferson county, where he and his grandmother had lived up to that time. The grandmother had been in poor health for some time. She had a cancer, and it was recognized as inevitable that she would die of the disease. The plaintiff located at or near Nauvoo, in Walker county, and got employ-

16 CA

ment there. As soon as he did so, he wrote to his brother, who lived near the grandmother, giving information of his location and of the name of the person with whom he was boarding, and asking that a telegram be sent him if his grandmother got worse—that he be notified if anything went wrong—which letter was received by the brother several days before the grandmother died. The brother sent the telegram from Littleton to the plaintiff at Nauvoo at about 2:30 in the afternoon of the day of the grandmother's death. Several hours later in the same day the plaintiff was in Nauvoo and, in company with the person in whose care the message was sent who was known to the telegraph operator, visited the depot in which the telegraph office was located; that being an off day in the work in which the plaintiff was employed. Several days later he made a trip to his old home to see his grandmother, and then for the first time learned of her death and of the sending of the telegram, which he had not received. On his return to Nauvoo, he got the telegram when he called at the office for it.

Judicial notice will be taken of the facts that Nauvoo and Littleton are in adjoining counties; that there is a direct railroad connection between them; and that it is but a short trip from the one place to the other. In the light of the above-mentioned facts, it does not seem that a finding by the jury that the plaintiff would have made the trip before his grandmother's burial two days later, if he had received notice of her death on the day it occurred, could fairly be said to be unsupported by evidence. It would not be a strained or unwarranted inference that plaintiff's prearrangement for prompt notice, if his grandmother got worse, or if anything went wrong, was made with the purpose of enabling him, in such event, to return promptly to his old home. Nor could it

fairly be regarded as a conclusion, unsupported by evidence, that a person situated as the evidence tended to show that the plaintiff was—a man of mature years, engaged in presumably gainful employment, and apparently able to take such a trip when he chose to do so, as he did but a few days later, in the absence of news as to his grandmother's condition—could have made the necessary arrangements to get back to his former home promptly, upon getting information that there was occasion for him to do so, though the evidence did not affirmatively show that at the time he would have received the telegram, if it had been seasonably delivered, he had in his pocket, or at ready command, the necessary small amount required to be expended for that purpose. The appellant's contention in this connection cannot be sustained. Under the evidence in the case, it was a question for the jury whether the loss to the plaintiff of the opportunity of attending his grandmother's funeral, which would have been afforded him by the timely receipt of the message, and consequent mental distress, proximately resulted from the failure to make due delivery of the message.—*Western Union Telegraph Co. v. Crumpton,* 138 Ala. 632, 36 S. W. 517.

In view of the evidence in the case tending to show that the person in whose care the message was sent, and at whose house the plaintiff was boarding, lived within the free delivery limits at Nauvoo, that he and the location of his residence were generally well known there, and that the plaintiff could readily have been found at Nauvoo shortly after the message was received there, if any real effort had been made to locate him, it cannot be said that there was not room for an inference from the evidence that the failure to deliver the message was attributable to gross carelessness on the part of some

employee of the defendant, or a wanton indifference to the rights of another in a matter which on its face called for prompt service. If so, the court would not have been justified in instructing the jury that no punitive consideration could be allowed by the jury to enter into their assessment of damages, in the event of a finding in favor of the plaintiff.—*Western Union Tel. Co. v. Seed,* 115 Ala. 670, 22 South. 474; *Western Union Tel. Co. v. Crowley,* 158 Ala. 583, 48 South. 381; *Wilkinson v. Searcy,* 76 Ala. 176; *Birmingham Railway, Light & Power Co. v. Nolan,* 134 Ala. 329, 32 South. 715. The defendant's request of charges 5 and 9, which were refused, was in disregard of the phase of the evidence just mentioned. The assignments of error based on that action of the court cannot be sustained.

By written charges, given at the instance of the defendant, the jury were plainly instructed that the burden was upon the plaintiff to prove to the reasonable satisfaction of the jury that, by the exercise of reasonable diligence on the part of the defendant's agents or servants, the message could have been delivered to the plaintiff, within the free delivery limits at Nauvoo, in time to enable him to attend his grandmother's funeral. Substantially the same proposition was asserted in charge 6, refused to the defendant. It is not perceived how the defendant could have been prejudiced by the refusal to give that charge under the circumstances. Besides, that charge was abstract in assuming that there was evidence that the source of information consulted by the defendant's agent was reputable. There was no evidence on that subject. It is not made to appear that the court was in error in refusing to give that charge.

It is enough to say, in justification of the action of the court in refusing to give charge 7, requested by the

defendant, that it was so framed as to be calculated to mislead the jury to the conclusion that any degree of confusion and uncertainty on their part as to whether the plaintiff, by the exercise of reasonable diligence, could have been found within the free delivery area in time to enable him to avail himself of the information contained in the message would suffice to require a verdict for the defendant, though the evidence was such as reasonably to satisfy them on that question.

A careful examination of the record has brought the court to the conclusion that it does not disclose error to the prejudice of the appellant.

Affirmed.

## On Application for Rehearing.

PER CURIAM. We think that the foregoing opinion itself furnishes a sufficient answer to the suggestions against the correctness of its conclusions which are urged in the application for a rehearing, except as to the part of the opinion which deals with the action of the trial court in refusing to give charge 7, requested by the defendant. It is urged that under previous rulings in this state that charge must be regarded as one which the defendant was entitled to require the court to give. It is suggested that that instruction is fully sustained by the opinions in the case of *Calhoun v. Hannan,* 87 Ala. 277, 6 South. 291, and *Ala. Great So. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65. The charge, which was held to have been properly given in the case of *Calhoun v. Hannan, supra,* was as follows: "The burden of proof is on the plaintiff to show the falsity of the affirmation of fraud upon which the attachment was sued out, and he must reasonably satisfy their minds of such falsity; and if the evidence

leaves them confused or uncertain as to the truth or falsity of such charge they must find for the defendant." Similar charges were held to have been properly refused in the case of *Brown v. Master*, 104 Ala. 451, 16 South. 443. As pointed out in the opinion in the case of *Louisville & Nashville R. Co. v. Sullivan Timber Co.*, 126 Ala. 95, 27 South. 760, the court, in *Calhoun v. Hannan*, dealt with the charge in question as if the words were "confused and uncertain," instead of "confused or uncertain," as they appear in the charge as set out in the report of the case. But, treating the ruling in that case as establishing the proposition that such a charge as was mentioned in the opinion should be given, does it follow from that ruling that it was error to refuse charge 7, requested by the defendant in this case We do not think so.

Let it be conceded that the ground stated in the opinion as a justification of the refusal to give that charge is questionable, yet there are other grounds upon which the refusal to give it may be justified. The defendant was not entitled to require the court to single out for the special consideration of the jury the question of the distance of Mr. Connor's residence from the office of the defendant in Nauvoo, as by that charge it was requested to do. Then, again, the character of charge which the court, in the case of *Calhoun v. Hannon*, held proper to be given was one predicating such a condition of the evidence that the minds of the jury are left in a state of confusion and uncertainty, while the corresponding feature of the charge which is in question in this case could be understood as referring to a condition of confusion and uncertainty in the minds of the jury at the time: the court was addressing them. It might well be that, before a deliberation and discussion among themselves in reference to the evidence submitted, the jury might

[Western Union Telegraph Company v. Perry.]

be in some confusion and uncertainty as to what their findings would be, but that, after proper deliberation and discussion, the evidence would not leave them in doubt and uncertainty as to the truth of the matters in issue.

So far as that charge embodied the proposition that the burden was upon the plaintiff to prove to the reasonable satisfaction of the jury that Connor or 'the plaintiff could have been found within the agreed area of free delivery by the exercise of reasonable diligence, it was fully covered by other written charges given at the instance of the defendant. This being true, for the other reasons hereinabove mentioned, the court was justified in refusing to give that charge, admitting that what was said in reference to it in the original opinion did not constitute the only or the most persuasive reason for justifying the action of the trial court in that regard.

Application for rehearing overruled.