TYSON, Judge.
Thomas Edward Parker was indicted for the murder of Helen McCarter by shooting her with a gun in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of manslaughter” and the trial court set sentence at ten years’ imprisonment in the penitentiary.
Because reversible error appears through the exception to the trial court’s oral charge, we pretermit consideration of the evidence in this cause.
I
In the trial court’s oral charge we find the following statement: (R. 305).
“While the Court determines the volun-tariness of a confession, the jury determines its weight or credibility and may disregard any alleged statement which is unworthy of belief or in which they entertain a reasonable doubt as to its truth.”
Defense counsel excepted to this part of the oral charge as follows: (R. 309).
“MR. PARKER: Well, we first except to the statement by the Court that the Court determines the voluntariness of a confession and I except to the use of the word, ‘confession.’
“I realize that it was a statement that was introduced into evidence but it was not, and the reading of it could not be considered a confession.” '
Mr. Justice Lawson in McPhearson v. State, 271 Ala. 533, 540, 125 So.2d 709 (1960) made the following observation:
“No confession from the defendant was introduced in evidence. The defendant at all times professed his innocence. His testimony, as well as the statements made by him which were introduced by the State, show that he claimed the shooting was an accident.
“The admissibility of confessions and in-culpatory admissions are generally determined under the same principles. But *853 there is a broad distinction between admissions of inculpatory facts and confessions of guilt. When a person only admits certain facts from which the jury may or may not infer guilt, it is no confession. We may use the word confession for admission, but to sum up mere incul-patory admissions and designate them a confession implies they amount to a confession of guilt.” (Emphasis added.)
See also Shelton v. State, 144 Ala. 106, 42 So. 30 (1905).
No confession by the appellant was introduced by the State into evidence in this cause. The appellant at all times professed his innocence. His testimony during the trial itself, as well as the statements made by him prior to trial which were introduced by the State, show that the appellant claimed the shooting in question was an accident.
In the case at bar, the trial court did not properly point out that appellant’s version of the event was an inculpatory admission and not a confession.
In Shelton v. State, supra, and Dennis v. State, 112 Ala. 64, 20 So. 925 (1896), reversals were mandated because of similar statements which were made in the trial court’s oral charge, and as in the case at bar, no confession of the appellant was placed in evidence at trial.
Because of the error shown, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.