# Smith *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Assault with intent to murder; constituents of offense.*—To constitute an assault with intent to murder (Code, § 4314), the specific intent

·[Smith v. The State.]

must exist; and it does not exist, unless, if death had ensued, the consummated offense would have been murder.

2. *Murder and manslaughter distinguished.*—Malice, express or implied, distinguishes murder from manslaughter; and a sudden transport of passion, caused by adequate provocation, if it suspends the exercise of judgment, and dominates volition, so as to exclude premeditation and a previously formed design, although it does not "entirely dethrone reason," is sufficient to reduce the killing to manslaughter.

FROM the Circuit Court of Pike.·

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Giles Smith, was indicted for an assault on Wash Thompson, with the intent to murder him; was found guilty as charged, and sentenced to hard labor for the county for the term of two years. The prosecutor, who was the only witness examined on the part of the State, testified to an unprovoked assault made on him by the defendant with an axe, at or near the defendant's house, whither he had gone to borrow a stick of wood from the defendant's wife; while the defendant, testifying as a witness for himself, stated that he overheard the prosecutor making insulting proposals to his wife, and, on entering the house, was first assaulted by the prosecutor with a knife. The court instructed the jury, among other things, "that if the defendant heard the prosecutor make improper or indecent proposals to his wife, this is such provocation as might create such heat of blood in the defendant as would cause him to strike in consequence of heat of blood, and not in consequence of malice; that it is for the jury to say in this event, in the light of all the evidence, whether the defendant made the assault in the heat of blood, or with malice aforethought; *that this heat of blood must be such as to entirely dethrone reason,* and the assault made in consequence of it; and if so made, it was not made with malice." The defendant excepted to that part of the charge which is italicized. The defendant requested the following charge: "The proposition, that if death had ensued, under the facts and circumstances of the case, it would have been murder or manslaughter, is no criterion by which to judge of the guilt or innocence of the defendant." The court refused this charge, and the defendant excepted.

PARKS & SON, for the appellant, cited *State v. Hill*, 34 Amer. Dec. 396; *Moore v. State*, 18 Ala. 532; *Simpson v. State*, 59 Ala. 1; *Washington v. State*, 63 Ala. 135.

Thos. N. McClellan, Attorney-General, for the State.

CLOPTON, J.—The court, after having charged the jury that, if the assault was made in the heat of blood, on a sufficient provocation, and not with malice, the accused would not be guilty of an assault with intent to murder, instructed them, that the heat of blood "must be such as to entirely dethrone reason." To constitute the offense with which the defendant is charged, the specific intent must exist. It does not exist, unless, if death had ensued, the offense would be murder. If the assault was committed under such circumstances that the completed offense, if death had ensued, would have been manslaughter, the defendant is not guilty of assault with intent to murder.—*Simpson v. State*, 59 Ala. 1.

Whether or not the homicide is the offspring of malice, is the characteristic, which distinguishes murder and manslaughter. In consideration of the infirmities of humanity, the law regards a sudden transport of passion, caused by adequate provocation, as sufficient to rebut the imputation of malice which would otherwise arise. In such case, the law imputes the homicide to inherit frailty, instead of malice, or formed design. "Provocation does not extenuate the guilt of homicide, unless the person provoked is, at the time he does the act, deprived of the power of self-control by the provocation which he has received."—Steph. Dig. Cr. Law, Art. 225. The state of mind must be such, that the suddenly excited passion suspends the exercise of judgment, and dominates volition, so as to exclude premeditaion and a previous formed design, though of short duration; but it is not essential that the transport of passion shall be so overpowering as to *destroy* volition, or the reasoning faculty. A killing in sudden passion, excited by sufficient provocation, without malice, is manslaughter, "not because the law supposes that this passion made him (the slayer) unconscious of what he was about to do, and stripped the act of killing of an intent to commit it, but because it presumes that passion disturbed the sway of reason, and made him regardless of her admonitions. It does not look upon him as temporarily deprived of intellect, and therefore not an accountable agent; but as one in whom the exercise of judgment is impeded by the violence of excitement, and accountable therefor as an infirm human being."—*Hill v. State*, 34 Amer. Dec. 396. A transport of passion, which deprives of the power of self-control, is, in a modified or restricted

[Chastang v. The State ]

sense, a dethronement of the reasoning faculty—a divestment of its sovereign power; but an *entire* dethronement is a deprivation of the intellect for the time being.

We discover no other error.

Reversed and remanded.