(102 So. 236)

### MORGAN v. STATE. (7 Div. 967.)

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 28, 1924.)

1. Criminal law ⬅︎759(1)—Charge to adopt conclusion of innocence, rather than guilt, if equally deducible from evidence, held properly refused.

Charge that if weight and effect of evidence is such that two conclusions can be drawn from it, one of innocence and other of guilt, jury should adopt former, held properly refused as invading jury's province.

2. Criminal law ⬅︎741(1)—Sufficiency of evidence and conclusions of fact for jury.

Sufficiency of evidence and conclusions of fact are for jury.

3. Criminal law ⬅︎829(18)—Refused charge as to adoption of conclusion of innocence rather than guilt held covered by charges given.

Refused charge that, if conclusion of either innocence or guilt could be drawn from evidence, jury should adopt former, held covered by charges that, to convict, jury must find guilt from evidence beyond reasonable doubt.

4. Criminal law ⬅︎789(15)—Refused charge to acquit unless evidence excludes every reasonable supposition but guilt, held bad.

Refused charge to acquit unless evidence excludes every reasonable supposition except guilt, held bad.

5. Criminal law ⬅︎815(9)—Charge held properly refused as pretermitting consideration of all evidence.

Charge that single fact, proved to jury's satisfaction, inconsistent with guilt, is sufficient to raise reasonable doubt, and require acquittal, held properly refused as pretermitting consideration of all evidence.

6. Criminal law ⬅︎789(12) — Refused charge to acquit unless each juror would act on decision of guilt in matters of highest importance to himself, held bad.

Refused charge to acquit unless so convinced of guilt that each juror would act on such decision in matters of highest concern and importance to his own interest, held bad.

7. Criminal law ⬅︎829(1)—Refusal of charges fairly and substantially given in other charges not error.

Refusal of charges fairly and substantially given in other written charges and court's oral charge is not error.

8. Witnesses ⬅︎338 — Testimony by defendant's witness as to having attended Tuskegee Institute held not prejudicial.

Testimony by defendant's witness on cross-examination as to having attended Tuskegee Institute, held not prejudicial to defendant, and question eliciting it not objectionable as tending to arouse race prejudice.

9. Criminal law ⬅︎364(3), 413(1)—Defendant's statement as to having voluntarily given up after killing held self-serving and not res gestæ.

Defendant's statement that after killing deceased "I went on down and give up" held properly excluded as not part of res gestæ and self-serving.

10. Criminal law ⬅︎413(1) — Defendant may not make evidence for himself after committing act.

Defendant may not make evidence for himself after committing act charged.

11. Homicide ⬅︎163(2)—Evidence of deceased's character as dangerous bloodthirsty man held admissible.

Evidence of deceased's character as dangerous bloodthirsty man held relevant to illustrate circumstances attending homicide, and to qualify and explain deceased's threats against defendant.

12. Criminal law ⬅︎419, 420(1)—That defendant had heard that deceased had difficulty with others held inadmissible.

That defendant had heard that deceased had difficulty with other parties, held hearsay and inadmissible.

13. Criminal law ⬅︎413(2)—Defendant's testimony as to fright by deceased's action held properly excluded.

Defendant's statement that when deceased started his hand in his pocket, "I was scared of him," held properly excluded as self-serving.

14. Criminal law ⬅︎1169(5)—Erroneous admission of evidence as to defendant's bad character held cured by change of ruling.

Error, if any, in admission of testimony that defendant's character was bad among fellow negroes, held corrected by court's change of ruling and explicit instruction as to such fact.

15. Criminal law ⬅︎956(13) — Slip of paper found in jury room held insufficient to impeach verdict as quotient.

Slip of paper, found in jury room after verdict, containing column of figures added up and divided by 12, held insufficient to impeach verdict, especially in view of overwhelming evidence on motion for new trial that no such average agreement was made and that figures did not enter into verdict.

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Rehearing.

**16. Criminal law ⬅814(17)—Charge on circumstantial evidence held properly refused as argumentative.**

Charge that circumstances, however strong, are insufficient to authorize conviction of murder, if reasonably reconcilable with theory of innocence, *held* properly refused as mere argument, in view of direct evidence of homicide.

**17. Criminal law ⬅815(9) — Refused charge held bad as not predicated on all evidence.**

Refused charge that jury must acquit if defendant's conduct on reasonable hypothesis is consistent with his innocence, *held* bad as not predicated on all evidence.

**18. Criminal law ⬅761(6)—Charge on self-defense held properly refused as assuming that defendant was reasonable man.**

Charge that if circumstances were such as to impress defendant with reasonable belief that it was necessary to fire to prevent death or great bodily harm, jury must acquit, unless defendant was not free from fault in bringing on difficulty, *held* properly refused as assuming, as matter of law, that defendant was reasonable man.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

George Morgan was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Morgan, 212 Ala. 175, 102 So. 238.

The indictment charged the defendant with first degree murder for the killing of one Oscar Elton. It appears that the killing occurred in defendant's store and that there were no eyewitnesses to the occurrence. Defendant did not deny shooting deceased, but sought to establish his claim of self-defense.

Defendant's witness Mary Ruth Morgan (a niece of defendant) having testified on cross-examination that she had only been at the home of defendant a week when the killing occurred, that she had been off to school, and that she did not go to school in the neighborhood, was asked by the solicitor "how far did you get away from home?" and answered "I went to Tuskegee Institute." The defendant objected "to this testimony." The court overruled the objection, and defendant excepted.

The following charges were refused to defendant:

"A. I charge you, gentlemen of the jury, that if after a full comparison and consideration of all of the evidence in the case you decide its weight and effect to be such as that two conclusions can be drawn from it, one favoring the defendant's innocence and the other tending to establish his guilt, the law of Alabama demands that the jury shall adopt the former and acquit the defendant."

"E. The court charges the jury that a person charged with murder should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant is innocent."

"4. The jury must find the defendant not guilty if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence."

"8. It is your duty to acquit the defendant unless the evidence excludes every reasonable supposition but that of his guilt.

"9. The court charges the jury if there is one single fact proved to the satisfaction of the jury which is inconsistent with George Morgan's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit."

"12. Before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

"19. The court charges the jury that it is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life, but if the jury are satisfied from all the evidence in the case that the circumstances attending the firing of the fatal shot were such as to impress George Morgan, the defendant, with a reasonable belief that at the time of firing the shot it was necessary in order to prevent death or great bodily harm to his person, then they must acquit the defendant, unless they further believe from the evidence that the defendant was not free from fault in bringing on the difficulty."

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

There was error in refusing defendant's requested charges. Charge 4: Du Bose v. State, 19 Ala. App. 630, 99 So. 746. Charge 19: Black v. State, 5 Ala. App. 87, 59 So. 692; Kirkley v. State, 19 Ala. App. 570, 99 So. 56; Twitty v. State, 168 Ala. 59, 53 So. 309. The verdict was a quotient one. Ledbetter v. State, 17 Ala. App. 417, 85 So. 581; International Agri. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1-3] Charge A refused to the defendant is invasive of the province of the jury, the weight, sufficiency of evidence, and conclusions of fact are for the jury, and charges such as charge A are covered by

charges that instruct the jury that, in order to support a verdict of guilt, the jury must so find from the evidence beyond a reasonable doubt. Such charge was several times given both in the oral charge and in written charges given at the request of defendant. Charge E is argumentative.

Charge 4 was condemned by this court in Du Bose v. State, 19 Ala. App. 630, 99 So. 746, on authority of Davis v. State, 188 Ala. 59, 66 So. 67, and Edwards v. State, 205 Ala. 160, 87 So. 179.

[4-7] Charge 8 has many times been condemned by this court and the Supreme Court, and charge 9 pretermits a consideration of the whole evidence.

Charge 12 is bad. 1 Mayfield Dig. p. 177 (258).

Charge 14 is covered by given charge 3.

Refused charge 19 was fairly and substantially given in given charge 28, and in the oral charge.

The principles of law set out in refused charges 20 to 29, both inclusive, where correctly stated, were fairly and substantially given in written charges 15, 16, and 17, and in the oral charge of the court.

[8] The fact that Mary Ruth Morgan, one of defendant's witnesses, had attended the Tuskegee Institute could not be of prejudice to defendant, nor did such a question tend to arouse race prejudice.

[9, 10] The court did not err in excluding from the jury the statement of defendant, that after killing deceased, "I went on down and give up." This was no part of the res gestæ, and no rule is better known than that a defendant may not, after the commission of the act charged, make evidence for himself.

[11, 12] Evidence of the bad character of the deceased as being a dangerous bloodthirsty man was relevant to illustrate the circumstances attending the homicide, and to qualify, explain, and give meaning and point to any threats made by deceased against defendant. Eiland v. State, 52 Ala. 322. But that defendant had heard that deceased had difficulties with other parties is hearsay and inadmissible. Dupree v. State, 33 Ala. 380, 73 Am. Dec. 422.

[13] Motion of the solicitor to exclude the statement of defendant that, "At the time he started his hand in his pocket I was scared of him," was properly granted. A defendant may not make evidence for himself.

[14] The other questions raised upon the admissibility of testimony are clearly without merit. In the instance where the witness was permitted to say that defendant's character was bad among the negroes, the court changed his ruling and so instructed the jury. We do not hold that this ruling was error, but even so it was corrected by the court in an explicit manner.

[15] The mere fact that a slip of paper was found in the jury room after the jury had rendered its verdict, on which appeared the following figures:

```
        15
         2
         2
        10
         5
         2    H L
         2    C
        15
        25
        13
         2
         5
                   X
        5 - 2           10
        2 - 5           10
        1 - 10          10
        3 - 15          45
        1 - 25          25
                12 (   100
                       ─────
                        8 1/3
```

—is not sufficient evidence upon which to impeach the verdict of the jury. Besides, the evidence on the motion for a new trial was overwhelming to the effect that no such agreement was made, and the figures did not enter into the making of the verdict. We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

[16] In Tatum v. State (Ala. App.) 100 So. 569,[1] this court treated at length a charge similar to refused charge E. The case at bar is not based upon circumstantial evidence. The evidence showing the homicide is direct and not dependent upon hypotheses based upon proven collateral facts. This distinction is also recognized in Ex parte Bud Hill (Ala. Sup.) 100 So. 315.[2] Where the evidence tending to connect the defendant with the commission of the crime is circumstantial, charge E would be proper. Where the evidence connecting the defendant with the homicide is direct, as here, the charge is a mere argument and is properly refused. The cases and authorities dealing with this and similar charges are considered and dealt with in the two cases above cited.

[17] Charge 4 was bad as not having been predicated upon all of the evidence. See authorities cited in original opinion. It follows that that part of the opinion in Baker v. State (Ala. Sup.) 97 So. 902,[3] approving a similar charge must be overruled and has been expressly overruled on this point. Jeff Rountree v. State, ante, p. 225, 101 So. 325.

[18] Charge 19.—Every substantial right to which the defendant was entitled, is covered by given charge 28. Moreover, the charge is not technically correct, as it assumes, as matter of law, that George Morgan, the defendant, was a reasonable man.

The application for rehearing is overruled.