169 So.2d 773

Jessie **JOHNSON**

v.

**STATE.**

**8 Div. 949.**

Court of Appeals of Alabama.

Dec. 1, 1964.

J. D. Carroll, Jr., Huntsville, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Johnson appeals from a judgment on a verdict finding him guilty of assault with intent to murder his former wife. He was sentenced to two years in prison. Issues were made up by pleas of not guilty and not guilty by reason of insanity.

The following statement of facts is paraphrased from appellant's brief:

Virginia Lucille Johnson was the former wife of the appellant. They had been married for twenty years until May 28, 1963, when the prosecuting witness divorced the appellant. The appellant came to the home of the prosecuting witness on the morning of the shooting between the hours of 7:30 and 8:00 and later nearly 9:00 at a parking lot near her work place, the Crystal Drug Store, Huntsville.

Later between 2:00 and 2:30 p. m., the appellant came in Crystal Drug Store, took a table and requested his former wife to go up to the mountain with him. She refused and the appellant went to the back of the store and came back shortly to the table and sat down again with the prosecuting witness. He then drew a gun and shot her in the hip. The appellant was arrested by the City police officers and taken to jail.

■■ There are two main contentions for reversal of the judgment below. The first resides in the action of the trial judge in restricting the defendant's cross-examination of the prosecuting witness. To illustrate, we excerpt as follows:

"Q When you got your divorce on May 28, that was on your anniversary, wasn't it?

"A Yes.

"Q I will ask you if prior to May 28, that if you and Mr. Johnson had had difficulty over different women calling him at home asking him to get you to leave their husbands alone?

"MR. YOUNGER: We object to that, Judge.

"THE COURT: Sustain the objection.

"Q You have had conversations with him, isn't it true, Mrs. Johnson, about —and that was part of your difficulty —about his accusations to you in regard to telephone calls?

"MR. YOUNGER: I object to this line of testimony.

"THE COURT: Gentlemen, go into the juryroom for a few minutes.

"(Out of the presence of the Jury.)

"MR. CARROLL: We would like to bring out on cross examination under

our plea of insanity, and only for that purpose a line of questioning showing the mental state of Jessie Johnson just prior to the time of the divorce and at the time of the divorce, and from the time of the divorce up to the time of the alleged assault and shooting by Jessie Johnson of Lucille Johnson; that it was due and it was caused by his mental condition. We would like to show this under our plea of insanity. We contend that he was so mentally upset or mentally deranged that he didn't know right from wrong. That is the purpose for bringing out this line of questioning on cross examination.

"THE COURT: The Court rules that it is inadmissible at this time.

"MR. CARROLL: We except to the ruling of the Court. We further would like to have in the record that the Court—we would like to except to the Court stating to the effect it is going to restrict us on cross examination to what was brought out on direct examination, and would like the Court to state it for the record. That is not the rule in the State of Alabama.

"THE COURT: That is the Court's ruling. If you want it in the record, you will be restricted to cross examination of the witness to matters brought out on direct examination.

"MR. CARROLL: We would like to except to the Court's ruling.

"(Jury brought around and seated in jurybox.)"

As the appellant aptly points out in his brief, this court through Mr. Justice Harwood, then our Presiding Judge, stated in Madden v. State, 40 Ala.App. 271, 112 So.2d 796, that we use the so-called English rule of cross-examination. Any matter within the issues of the trial may be put to the witness even though this expands beyond his testimony in chief.

■ Furthermore, the court pointed out in the Madden opinion that cross-examination inheres in the constitutional right of confrontation.

It may be that the defendant in this case, as in many others, pleaded insanity simply to enlarge the issues. Yet at the point in the trial at which the foregoing question was posed, it could not then be said that no psychiatric testimony or other evidence would be offered for the defense.

In a similar case, Hutcherson v. State, 40 Ala.App. 77, 108 So.2d 177, we referred to Code 1940, T. 7, § 443, first sentence, and to Moody v. State, 267 Ala. 204, 100 So.2d 733. There the writer expressed doubt that the wide latitude rule of cross-examination could properly be confined only to cases where insanity was set up as a defense by formal plea, citing Judge McElroy's article in 4 Alabama Lawyer 384.

The cited ruling was prejudicial error requiring reversal.

■ Another matter which arose which also requires reversal arose from counsel excepting to part of the oral charge of the court to the jury, viz:

"Now, Gentlemen, as to intent, I want to explain that further to you. An intent to kill is not a necessary element of murder in the second degree. It is sufficient if the accused person voluntarily set in motion or applied an unlawful force from which death ensued, and of which death or great bodily harm was the natural and probable consequence of the act, however free that it might have been from the actual purpose to kill. If the person voluntarily set in motion or applied an unlawful force from which death or great bodily harm was the natural and probable consequence, then you have the intent if he intended to do that. He did not have to actually intend to kill. He must have intended to do the act from which death resulted and of which death or great bodily harm was the

natural and probable consequence. Here the intent we refer to is the intent to fire the pistol."

Here the trial judge charged not of common law murder but as to the two statutory degrees. Having done so, he then picked up the quoted portion with respect to intent.

Simpson v. State, 59 Ala. 1, points out that the statutory crime of assault with intent to murder not containing any definition of the word "murder" therein used must and does refer to murder as it was known at common law before the statutory division of murder into two degrees.

■ At common law the crime of murder was variously stated as the killing of a human being with malice aforethought, he dying within a year and a day of the act.

Even were we to pose harmless error in his referring to the statutory crime of murder, under Nixon v. State, 268 Ala. 101, 105 So.2d 349, it is manifest that the matter quoted invades the realm of voluntary manslaughter. See Lewis v. State, 96 Ala. 6, 11 So. 259.

Charge A refused the defendant in Horn v. State, 98 Ala. 23, 13 So. 329, led to reversal.

In Wright v. State, 148 Ala. 596, 42 So. 745, we find Anderson, J., reversing, citing the giving of a charge requested by the State pretermitting intent to take life. This special intent the court stated was "a necessary element of the offense." Sparks v. State, 261 Ala. 2, 75 So.2d 103 (reversing 37 Ala.App. 631, 75 So.2d 96).

Refused charge 1 reads:

"1. I charge you, gentlemen of the jury, that if the evidence in this case convinces you that there is a probability of the defendant's innocence, then your verdict should be not guilty."

The court below stated that the burden of proof was on the State to satisfy the jury "from the evidence beyond a reasonable doubt and to a moral certainty that the Defendant is guilty before you can convict him." The oral charge referred to the presumption of innocence attending defendant until the jury are "satisfied from the evidence beyond a reasonable doubt and to a moral certainty that he is guilty of some offense of which he may be found guilty under this indictment."

In Duncan v. State, 31 Ala.App. 186, 13 So.2d 695, the trial judge had refused a charge equiparating probability of innocence with existence of reasonable doubt. The substance was held covered by a reasonable doubt charge.

Charge 1 here refused is verbatim charge 3 discussed in Stokley v. State, 254 Ala. 534, 49 So.2d 284. In view of the oral charge covering reasonable doubt as we have pointed out, the refusal of charge 1 was not prejudicial.

Refused charge 2 reads:

"2. I charge you gentlemen of the jury that it is the duty of the State to prove every material fact charged in the indictment to a moral certainty, and to satisfy the mind of the jury of the defendant's guilt beyond all reasonable doubt, and if they have failed to do this, and the jury can account for the defendant's innocence upon any reasonable hypothesis, in view of all the evidence, then they should find him not guilty."

See Lawson, J., in Jackson v. State, 272 Ala. 566, 133 So.2d 210 (refused charge 22). There was no error in refusing charge 2 in the circumstance of the court's having instructed on presumption of innocence and reasonable doubt.

Refused charge 4 reads:

"4. I charge you gentlemen of the jury that it is the policy of the law that no innocent person should be convicted and that it is better that many guilty go unpunished than that one innocent person be convicted."

See Daniels v. State, 243 Ala. 675, 11 So. 2d 756 (refused charge 9).

Charge 6, refused, is verbatim refused charge 2 above, except that 6 omits the prefatory, "I charge you," and the conjunctive "that" at the beginning. See Jackson v. State, supra.

■ Charge 7, refused, reads:

"7. The court charges the jury, if the jury upon considering all of the testimony, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty."

The oral charge did not emphasize that a reasonable doubt might arise from part of the evidence when the jury weighs all of the evidence. The refusal was error. Earnest v. State, 40 Ala.App. 344, 113 So. 2d 517 (charge 13).

Charge 8, refused, reads:

"8. I charge you, gentlemen of the jury, that a person should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt. No matter how strong may be the circumstances they do not come up to the full measure of proof which is required by the law if they can be reasonably reconciled with the theory that the accused is innocent."

Though refusal of this charge was not reversible error in Morgan v. State, 20 Ala. App. 331, 102 So. 236 (charge E), it has been approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422 (charge 51), and Bryant v. State, 116 Ala. 445, 23 So. 40. Perhaps the factor that so little of the State's case derives from circumstantial evidence makes refusal of this charge harmless.

■ Refused charges 10 and 11 hypothesize intent as excluding that which would have attended lesser degrees of homicide, e. g., manslaughter had the victim died.

This aspect was covered by the oral charge which stated:

"This charge of assault with the intent to murder charges that this Defendant shot Virginia Lucille Johnson under such circumstances that if she had died as a result of that assault upon her that the Defendant would have been guilty of murder, * * *"

The court continued:

"* * * that is, either murder in the first degree or in the second degree. So you will want to know what constitutes murder in the first and in the second degree."

See our discussion above. Also Smith v. State, 83 Ala. 26, 3 So. 551. Charge 11 also pretermits lesser offenses.

Charges 12 and 13 relate to assault with a weapon:

"12. I charge you gentlemen of the jury that not every assault with intent to kill amounts to an assault with intent to murder and unless you believe from the evidence that the defendant intended to murder the prosecuting witness on the occasion in question, you cannot find the defendant guilty of any more serious offense than assault with a weapon."

■ "13. I charge you gentlemen of the jury that not every assault with intent to kill amounts to an assault with intent to murder and if you find from the evidence that the defendant would only have been guilty of manslaughter if the prosecuting witness had died, you cannot find the defendant guilty of any more serious offense than assault with a weapon."

Charges 12 and 13 pretermit assault and battery. Since Johnson's bullet inflicted a wound, there was both an assault and a battery. Assault alone would have been an abstract matter.

Also, since no definition of manslaughter is given in the proposed charge 13, there is no error in its refusal.

■ Charge 14 was abstract as overlooking the lesser included charges of simple as-

sault (with a weapon) and assault and battery. Stovall v. State, 34 Ala.App. 610, 42 So.2d 636. Also charge 15 omits assault. Moreover, by using "unless," it overemphasizes the element of intent to murder.

  

 Charge 16, by superadding "premeditated" and "deliberate" to a malicious and unlawful shooting is incorrect. Charge 17 is incomplete.

Accordingly, because of (1) restriction of cross-examination, (2) reducing intent below malice, and (3) refusing charges 7 and 8 the judgment of the circuit court is due to be reversed and the cause remanded there for new trial.

Reversed and remanded.