CATES, Presiding Judge.
Burglary 2d degree and Grand Larceny; sentence, ten years. See Wildman v. State, 42 Ala.App. 357, 165 So.2d 396.
The State’s proof was that certain tools used in a burglary resembled those bought by Cannon, and in one instance by a friend at his behest, from a hardware store at or near Opp. Also, after being accused, appellant fled. He testified this was to avoid a marijuana prosecution.
*100 At trial appellant tendered the following charge:
“9. I charge you, members of the Jury, that the evidence against the Defendant is partly circumstantial and his innocence must be presumed by the Jury, until the case against him is proved in all its material circumstances beyond a reasonable doubt; to find him guilty as charged, the evidence must be strong and cogent, and unless it is so strong and cogent as to show his guilt to a moral certainty, the Jury must find him not guilty.”
Nothing in the oral charge covered circumstantial evidence.
The refusal thereof was error. Gilmore v. State, 99 Ala. 154, 13 So. 536, (Charge 6) and Fowler v. State, 155 Ala. 21, 45 So. 913 (Charge 18). Rule 45 does not apply because of the omission of any charge covering the principles of law as to circumstantial evidence.
The judgment below is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.