LEIGH M. CLARK, Retired Circuit Judge.
Assault with intent to ravish; sentence: twelve years imprisonment.
The following occurred during the closing argument of the district attorney:
“MR. WILLIAMS [D.A.]: One other fact you can consider, and that is the fact that this man, James Graham, is already a felon. He has already been convicted of a crime in Tuscaloosa County and the Judge will tell you that a person that has been convicted of a crime that is a felony, and that that is a crime involving moral turpitude, and that the jury can consider from that conviction that that man won’t tell the truth when he takes the stand and gets under oath.
“MR. NICHOLS [Defendant’s Counsel]: We object to that, Your Honor.
“MR. WILLIAMS: And because it is a crime involving moral turpitude—
“THE COURT: Overruled.”
There is no contention that the evidence does not conclusively show that defendant, who took the stand as a witness in his own defense, had previously been con *811 victed of a crime involving moral turpitude, but appellant insists that the argument of State’s counsel went beyond the effect of such a conviction upon the credibility of a witness. We agree that the argument made does not set forth precisely the governing principle of law and that objection thereto could well have been sustained. However, it appears that the last part of the argument, on which appellant centers his complaint, “The jury can assume from that conviction that that man won’t tell the truth when he takes the stand and gets under oath,” was purely arguendo, or, if otherwise, it was an incorrect prediction of what the court would charge the jury. In charging the jury on the subject, the court said:
“In this case there has been some testimony that a witness was convicted of a crime involving moral turpitude, a serious offense called a felony. That does not mean if you believe that to be true that you must completely disregard that witness’ testimony unless you see fit so to do, but you should consider the matter as affecting the credibility of the witness, the conviction of a crime has the effect of affecting the credibility of a witness who is testifying. Well, that is up to you to say whether it is affected or to what extent it has affected it; so as I say, you should consider the evidence of a person having been convicted of a crime in the light of it affecting his testimony in the case, whether he is telling the truth or not.”
At the conclusion of the court’s oral charge, counsel for both parties said that they had no exceptions.
As it appears that probably the court’s attention was not adequately invited to that part of the argument of counsel for the State that appellant asserts was objectionable, the court should not be put in error for overruling defendant’s objection. At any rate, the court’s oral charge to the jury should have clarified any possible misunderstanding in the minds of the jury, and there was no substantial injury to defendant resulting from the argument.
The court refused defendant’s requested charge No. 15:
“The Court charges the jury that a person charged with a felony should not be convicted unless evidence excludes, to a moral certainty, every reasonable conclusion but that of his guilt, and that circumstances no matter how strong, are not sufficient proof if they can be reasonably reconciled with any reasonable theory that the Defendant is innocent.”
In support of his position, appellant relies upon Cannon v. State, Ala.Cr.App. 339 So.2d 99, cert. denied, Ala., 339 So.2d 100 (1976), in which it was held:
“At trial appellant tendered the following charge: ‘9. I charge you, members of the Jury, that the evidence against the Defendant is partly circumstantial and his innocence must be presumed by the Jury, until the case against him is proved in all its material circumstances beyond a reasonable doubt; to find him guilty as charged, the evidence must be strong and cogent, and unless it is so strong and cogent as to show his guilt to a moral certainty, the Jury must find him not guilty.’ Nothing in the oral charge covered circumstantial evidence.
“The refusal thereof was error. Gilmore v. State, 99 Ala. 154, 13 So. 536 (Charge 6) and Fowler v. State, 155 Ala. 21, 45 So. 913 (Charge 18). Rule 45 does not apply because of the omission of any charge covering the principles of law as to circumstantial evidence.”
It is to be noted that the facts as stated in the opinion in Cannon v. State, supra, involving a case of burglary and grand larceny, were as follows:
“The State’s proof was that certain tools used in the burglary resembled those bought by Cannon, and in one instance by a friend at his behest, from a hardware store at or near Opp. Also, after being accused, appellant fled. He testified this was to avoid a marijuana prosecution.”
The statement of the facts indicates that the evidence against defendant was exclusively circumstantial. It is also to be noted *812 that in Gilmore v. State, a burglary case cited in Cannon v. State, supra, the evidence, referred to in the opinion as “partly circumstantial,” was largely circumstantial. In Fowler v. State, a homicide case cited in Cannon v. State, supra, the court said at 155 Ala. 26, 45 So. 915:
“. . . The record does not disclose any positive evidence of defendant’s guilt. The establishment of it depended upon circumstantial evidence. The fact rested in inference.”
In contrast with the facts in Cannon, Gilmore and Fowler, the evidence as to the guilt of defendant was almost exclusively the testimony of the thirteen-year-old girl he was charged with having attempted to rape. A belief in the truth of her testimony beyond a reasonable doubt could have resulted in no other conclusion than that of defendant’s guilt of the charge expressly stated in the indictment, and a fortiori of the lesser included offense of assault or assault and battery, which was covered in the court’s oral charge. In addition to the positive direct evidence, there was some circumstantial evidence as to the express charge, but not as to the lesser included offense, in the form of the defendant’s lower undergarment found in his automobile soon after the little girl was in the automobile with him and testimony of an officer that when arrested and jailed appellant did not have on a lower undergarment. In explanation of this, defendant testified that he took the garment off while having intercourse with a particular woman and thereafter tried to hide it from his wife by leaving it in his automobile.
Appellant takes the position that charge 15 “may have been properly refused by the trial court” but that “there is enough circumstantial evidence that the trial court should have given another charge on such evidence,” thereby indicating, it seems, that it requires a combination of the refusal of the charge and an improper failure to charge on the subject of circumstantial evidence to constitute reversible error. At no time did defendant request the court to charge the jury as to circumstantial evidence. The court gave eighteen written charges requested by defendant. In them and in the court’s oral charge are plenary instructions as to the presumption of innocence and the necessity for the jury to be convinced by the evidence beyond a reasonable doubt and to a moral certainty of defendant’s guilt.
The difference between the propriety of giving or refusing a charge such as charge 15 in a case where the circumstantial evidence is a major consideration and the propriety thereof in a case, such as the instant case, in which circumstantial evidence has a very minor part was accentuated in Johnson v. State, 42 Ala.App. 511, 169 So.2d 773, 777 (1964), in which, in considering charge 8 therein, the court said:
“Though refusal of this charge was not reversible error in Morgan v. State, 20 Ala.App. 331, 102 So. 236 (Charge E), it has been approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422 (Charge 51), and Bryant v. State, 116 Ala. 445, 23 So. 40. Perhaps the factor that so little of the State’s case derives from circumstantial evidence makes refusal of this charge harmless.”
In accord therewith and decisive of the question now presented is Jones v. State, Ala.Cr.App., 55 Ala.App. 167, 306 So.2d 33, 44, where it was said:
“Refused Charge No. 13 was held to be properly refused in Johnson v. State, 42 Ala.App. 511, 169 So.2d 773, where, as here, so little of the State’s case derives from circumstantial evidence. Moreover, such charge does not call for consideration of all of the evidence. Its refusal was therefore proper.”
We conclude that the refusal of charge 15 was not error.
In addition to our consideration of the only issues raised by appellant, we have searched the record for error prejudicial to defendant that may have occurred and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the *813 provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the court below is hereby
AFFIRMED.
All the Judges concur.