WELCH, Presiding Judge.
Gary Wayne Presley was convicted following a jury trial in the Etowah Circuit Court of four charges: CC-2010-1159, giving a false name or address to a law-enforcement officer, a violation of § 13A-9-18.1, Ala.Code 1975; CC-2010-1160, driving without a driver’s license, a violation of § 32-6-19, Ala.Code 1975; CC-10-1161, driving a motor vehicle without a tag, a violation of § 32-6-51, Ala.Code 1975; and CC-10-1162, driving a motor vehicle without liability-insurance coverage, a violation of § 32-7A-4, Ala.Code 1975.[1] The circuit court sentenced Presley as follows: CC-10-1159 — 12 months in the Etowah County jail and a $250 fine; CC-10-1160— 180 days in the Etowah County jail and a $500 fine; CC-10-1161 — a $500 fine and courts costs; and CC-10-1162 — a $500 fine and court costs. The trial court ordered that the sentences were to run concurrently. A few weeks later the trial court entered an order giving Presley credit for time served and ordering that the remainder of his sentences run concurrently with a sentence that had been imposed in a case in South Carolina. This appeal follows.
*932 Presley does not challenge the sufficiency of the evidence, so our recitation of the facts here will be brief. Presley was stopped while driving in the City of Attal-la, Alabama. His vehicle had a homemade license tag instead of a State-issued tag. Presley could not produce a driver’s license or proof of insurance. Presley provided the law-enforcement officer with only his first name and his middle name but not his surname and, when asked for his date of birth, gave the officer only the date he says he was “reborn” as a Christian, not the actual date of his birth. A check of State records revealed that Presley did not have a valid driver’s license.
The only argument Presley raises on appeal is that he was denied his Sixth Amendment right to counsel. The City of Attalla (“the City”) argues that “Presley has not sought, and for all that appears he does not want, the assistance of any lawyer.” (City’s brief, at p. 9.)
Presley represented himself at trial. The record does not reflect that the circuit court made an inquiry into, or a determination of, Presley’s indigent status. Nor is there any indication that the circuit court advised Presley of the dangers and disadvantages of self-representation. However, after the circuit court adjudged Presley guilty and imposed sentence, the court informed Presley as follows: “[Y]ou have the right to appeal these matters. It’s limited to 42 days from today’s date. If you could not afford an attorney or a transcript of these proceedings, those would be provided by the Court.” (R. 197.) The circuit court informed Presley again on the record the following day that an attorney would be appointed to represent him on appeal if he was indigent and if he chose to have an attorney’s assistance. (R. 199.) The record further reflects that Presley sought and received leave to proceed in forma pauperis on appeal (C. 175) and that he is currently represented by appointed counsel.
Presley was clearly entitled to representation by counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case, explaining:
“When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must ‘knowingly and intelligently’ forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S. [458,] 464-465 [(1938)]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724 [ (1948) ] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ Adams v. United States ex rel. McCann, 317 U.S. [269,] 279 [(1942) ].”
422 U.S. at 835.
The United States Supreme Court also clearly stated that the trial court must determine whether a defendant desires to represent himself at a criminal proceeding:
“The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and *933 weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.”
Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Court in Johnson also stated: “It has been pointed out that courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights.” 304 U.S. at 464 (footnotes and internal quotation marks omitted).
The Alabama Supreme Court has summarized the factors that must be established on the record in order to find a knowing and intelligent waiver of the right to counsel:
“We must determine whether the defendant effectively waived his right to counsel in this case. A defendant may not be imprisoned for any offense, whether a petty, misdemeanor, or felony offense, unless the defendant either had counsel or made a knowing, intelligent, and voluntary waiver of his right to counsel. Argersinger [v. Hamlin ], 407 U.S. [25] at 37 [(1972)]. ‘Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.’ Carnley v. Cochran, 369 U.S. 506, 516 (1962). See Lake v. City of Birmingham, 390 So.2d 36 (Ala.Crim.App.1980). To establish a knowing and intelligent waiver of counsel, ‘the record at the outset of the trial should establish three factors: 1) that the defendant was informed that he had the right to counsel, 2) that the defendant was informed that if he could not afford counsel the state would appoint counsel to represent him, and 3) an affirmative showing by the defendant that, understanding these rights, he still elects to proceed without counsel.’ Jenkins v. State, 482 So.2d 1315, 1317 (Ala.Crim.App.1985).
“The record fails to establish that [the defendant] ‘was offered counsel’ as required by Carnley, supra. Likewise the record fails to establish any of the three factors required by Jenkins, supra. The trial judge’s admonitions to [the defendant] to the effect that he needed a lawyer are a far cry from explanations of the right to counsel or offers of appointed counsel if [the defendant] could not afford to retain counsel. Therefore, we cannot say that [the defendant] intelligently and understandingly waived his right to counsel.”
Ex parte Shelton, 851 So.2d 96, 101-102 (Ala.2000).
Although the trial court need not engage in a formal colloquy with the defendant, there must be direct evidence in the record to establish that the defendant knowingly and voluntarily waived his or her right to counsel. “Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.” Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
In Rule 6.1(b), Ala. R.Crim. P., an additional protection has been afforded a criminal defendant who chooses self-representation. Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:
*934 “(b) Waiver of right to counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.”
Even if a defendant requests to represent himself or herself and the trial court permits the defendant to do so, the trial court’s failure to comply with Rule 6.1(b), Ala. R.Crim. P., is grounds for reversal. See Farid v. State, 720 So.2d 998, 999 (Ala.Crim.App.1998) (“However, the record does not show that the trial court advised the appellant that she had the right to withdraw any waiver of the right to counsel that she might make. As we stated in Hairgrove v. State, 680 So.2d 946, 947 (Ala.Crim.App.1995), the language of Rule 6.1(b), Ala. R.Crim. P., ‘is clear and mandatory.’ Therefore, we must reverse on this issue.”).
Finally, in determining whether a defendant knowingly and voluntarily waived his or her right to counsel, reviewing courts must consider the totality of the circumstances. Tomlin v. State, 601 So.2d 124 (Ala.1991).
Reviewing the record in light of the foregoing principles, we find that the circuit court did not engage in a traditional Faretta colloquy with Presley. In fact, the record contains no inquiry by the circuit court into Presley’s self-representation or his right to counsel. Nor does the record disclose that the circuit court informed Presley that, if he desired to appear pro se, he could withdraw his waiver of counsel at any time during the proceedings and counsel would be appointed to represent him. Rather, at the beginning of the trial proceedings the circuit court’s only inquiry was related to jury selection:
“THE COURT: Mr. Presley, have you ever participated in the selection of a jury before?
“THE DEFENDANT: Absolutely.
“THE COURT: So you are well versed in that area, and you won’t need any instructions or assistance from the Court?
“THE DEFENDANT: No, sir.
“THE COURT: All right. Then we will begin the process in the morning as far as the selection of the jury on the charges that are before the Court.”
(R. 9.)
The circuit court’s inquiry does not, of course, constitute any portion of the necessary explanation regarding the right to appointed counsel.
The City does not contend that the circuit court engaged in a Faretta colloquy. Rather, the City lists the various pleadings Presley filed before, during, and after the trial, and suggests that Presley’s intent to waive his right to counsel was assumed or obvious. The City contends:
“This is a Defendant who has represented himself before many courts and simply chooses to do so.
“Presley’s conduct reveals a voluntary decision to choose the path of self representation. In cases such as this the trial court may, in its discretion, conclude that the Defendant has voluntarily waived his right to counsel. United States v. Garey, 540 F.3d 1253 (C.A.11).
“It is apparent that Presley’s decisions in this case are made knowingly and voluntarily.”
(City’s brief, at pp. 20-21.)
The City further argues:
*935 “The record and the totality of the circumstances surrounding Presley’s waiver of counsel clearly indicate that he chose to represent himself knowingly, intelligently and voluntarily. Presley filed his pretrial motions, struck a jury, cross-examined witnesses, called witnesses and conducted direct examination and did a fíne job with his opening and closing statements.”
(City’s brief, at p. 21.)
Taking judicial notice of our own records, see Hamm v. State, 439 So.2d 829 (Ala.Crim.App.1983), we are aware that Presley waived his right to counsel and represented himself in a prior criminal case, and he represented himself in the appeal of the conviction in that case. Presley v. State, (No. CR-08-1832, Feb. 26, 2010) 75 So.3d 1230 (Ala.Crim.App.2010) (table). Although Presley’s prior experience with the legal system is a factor to be considered in determining whether there was a valid waiver of counsel in this case, Presley’s decision in a prior case to forgo legal representation, without more, is not sufficient evidence of his waiver of his right to counsel in the case now under review.
The only information in the record now before us is that Presley represented himself at trial, and that, when the circuit court offered him the assistance of appointed counsel for purposes of appeal, he accepted the offer and is currently represented by counsel. Although the City argues that Presley’s decision to represent himself must have been made knowingly and voluntarily, the record does not support that argument. That Presley represented himself in other cases or that he has demonstrated some level of skill at self-representation in this case cannot substitute for the necessary demonstration on the record that the circuit court advised Presley in accordance with established requirements, nor does it demonstrate that Presley knowingly and voluntarily waived his right to counsel in this case. That Presley is now represented by counsel on appeal completely undercuts the City’s argument that Presley constantly chooses to represent himself in legal proceedings. This record contains none of the fundamental elements that would support a finding of a knowing and intelligent waiver of the right to counsel.
In Cobble v. State, 710 So.2d 539 (Ala.Crim.App.1998), this Court reversed the appellant’s conviction upon determining that the appellant had been denied his constitutional right to counsel. A portion of the rationale expressed in our opinion in that case is relevant here. We stated:
“ ‘ “A valid waiver of counsel need not be express. However, courts are hesitant to validate an implied waiver. Nevertheless, a court may infer a knowing and intelligent waiver if the defendant fails to retain counsel after repeated urging by the court or discharges counsel in midtrial after explicit warnings.” ’ Wheeler v. State, 553 So.2d 652, 653 (Ala.Crim.App.1989), quoting Project: Criminal Procedure, 76 Geo. L.J. 921, 928-30 (1988) (emphasis omitted). Here, however, not only was there no express waiver of the right to counsel by the appellant, but there was no implied waiver of that right. The record does not establish that the appellant was repeatedly urged by the trial court to obtain other counsel; nor does the record indicate that the appellant discharged his counsel in the middle of the proceedings after explicit warnings from the trial court.”
Cobble v. State, 710 So.2d at 541. We reach the same conclusions based on a review of the record in Presley’s case.
We are aware that the circuit court admonished Presley that his arguments *936 about the legal principles would be made to the court but not to the jury. (R. 10-11.) However, nothing in the circuit court’s statements to Presley substituted for the admonitions the circuit court was required to make regarding the dangers and disadvantages of self-representation, or Presley’s right to appointed counsel, or a withdrawal of any waiver he might have made. In similar circumstances, in Thomas v. State, 8 So.3d 1018 (Ala.Crim.App.2008), we stated:
“An argument might be made that the trial court’s admonitions to Thomas that he abide by the trial court’s rulings on objections and that he conduct himself in a professional manner or he would face possible expulsion from the courtroom were attempts to apprise Thomas of the dangers and disadvantages of self-representation. However, in viewing the totality of the circumstances concerning the trial court’s determination that Thomas would represent himself, we find that the trial court’s statement to Thomas was more in the nature of how the trial court expected him to comport himself rather than an effort to apprise him of the dangers and disadvantages of self-representation.”
Thomas v. State, 8 So.Bd at 1023.
Because the record in this case does not indicate that the trial court ever offered Presley appointed counsel in this case, never advised Presley of the dangers and disadvantages of self-representation, and did not advise him that he had the right to withdraw any waiver of counsel during the proceedings, we must reverse the trial court’s judgment and remand this case for a new trial.
REVERSED AND REMANDED.
WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.

. Presley originally was charged with violations of the municipal code of the City of Attalla, and he was tried in municipal court. Following his convictions in municipal court, he appealed to the circuit court for a trial de novo.