MOORE, Chief Justice
(dissenting).
Because I would grant John Swain’s petition for a writ of certiorari, I respectfully dissent from this Court’s denial of the petition.
When a babysitter discovered a seven-year-old girl inappropriately touching the *950 babysitter’s two-year-old son, she confronted the seven-year-old, who told the babysitter that she had learned the behavior from Swain, who was then living with the girl’s mother. Swain was subsequently indicted for sexual abuse of a child less than 12 years old, a Class B felony. A hung jury resulted in a mistrial. At a second trial, Swain, representing himself pro se, was convicted and was sentenced to 15 years’ imprisonment. See Swain v. State, 173 So.3d 943 (Ala.Crim.App.2014). After his conviction, but before sentencing, Swain filed a pro se motion entitled “Motion for Appointment of Counsel on Appeal” in which he requested that appellate counsel be appointed and explained that he did not have the experience to file an appellate brief.
Rule 6.1(b), Ala. R.Crim. P., provides that a defendant may waive the right to counsel “after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right.” Additionally, if a defendant refuses counsel, “the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.” Id. (emphasis added). Although the trial court conducted a waiver colloquy respecting Swain’s right to represent himself and also warned Swain of the hazards of representing himself, the trial court did not inform Swain, as Rule 6.1(b) requires, that he could withdraw his waiver of counsel at any time. “Even if a defendant requests to represent himself or herself and the trial court permits the defendant to do so, the trial court’s failure to comply with Rule 6.1(b), Ala. R.Crim. P., is grounds for reversal.” Presley v. City of Attalla, 88 So.3d 930, 934 (Ala.Crim.App.2011).
Under the totality-of-the-eircumstances test, however, an appellate court may conclude that the defendant was aware of the right to withdraw a waiver of counsel, if the record so discloses, even though the trial judge did not so inform the defendant. See Powers v. State, 38 So.3d 764 (Ala.Crim.App.2009) (noting that defendants who asked to withdraw their waiver of counsel on the first day of trial were obviously aware of the right). In this case, the record does not disclose that Swain was aware, during trial, of his right to withdraw the waiver of counsel at any time. The Court of Criminal Appeals relied on Swain’s motion for appointment of appellate counsel as evidence that he knew he could withdraw his waiver during the trial. However, that request is not probative of whether Swain was aware that he could withdraw his waiver during the trial itself. Indeed, given that Swain had a vested right under Rule 6.1(b) to withdraw his waiver and to have counsel appointed, his submission of a motion to appoint counsel is evidence, if anything, that he was not aware of his right to withdraw the waiver during the trial.
Because the record contains no persuasive evidence that Swain whs aware that he could withdraw his waiver of counsel during trial, I believe his petition has merit and his Sixth Amendment claim validity. As Judge Joiner stated in dissent below: “Because the record on appeal does not demonstrate that Swain was either advised or otherwise aware of his right to withdraw his waiver of counsel, I would reverse the circuit court’s judgment and remand this case for a new trial.” Swain v. State, 173 So.3d at 949 (Joiner, J., dissenting).
Accordingly I respectfully dissent from the denial of Swain’s petition for a writ of certiorari.